## JAMES BARNES v. T. J. PILGRIM.

A contract by the defendant, to pay ten per cent. upon judgments, which are bearing ten per cent. interest, in consideration of time, or forbearance thereon, is usurious.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

The defendant in error brought suit against James Barnes, the plaintiff in error, in the court of a justice of the peace, on three promissory notes, given by the latter to the former, one for $46.66, one for $21.68, and the other for $16.

Barnes set up as a defence to the notes, that they were void, having been given by him, from time to time, under an agreement that he should pay ten per cent. on two judgments, which Pilgrim had recovered against him in the District Court of Gonzales county, (and which were bearing ten per cent. interest,) in consideration of time, or forbearance given him on the said judgments.

There was a judgment in the justice's court, in favor of Barnes, and Pilgrim removed the case, by *certiorari*, to the District Court. The consideration of the notes was proved to have been as alleged by Barnes. The court instructed the jury as follows, to wit:

" If you believe the notes sued on, were given in consideration of the loan of money, at a higher rate of interest than twelve per cent., then they would be void for the entire interest. But if you believe the consideration was for time, and not strictly the loan of money, they would be valid, and binding on the party."

There was a verdict and judgment in favor of Pilgrim, from which Barnes prosecuted his writ of error.

*Mills & Batchelor*, for the plaintiff in error.

*Harwood & Lewis*, for the defendant in error.

BELL, J.—We are of opinion that the court below erred in the second instruction, or in the latter clause of the instruction given to the jury, and that the verdict was not warranted by the facts of the case, and the law applicable to them. We are of opinion that the transaction between the parties was plainly an agreement to receive a larger premium than the law permits for the forbearance or loan of money.

In the case of Payne v. Powell, 14 Texas Rep. 600, this court treated an agreement to pay $6.50 for the forbearance of a debt for six months, which debt was bearing twelve per cent. interest, as an agreement to pay usurious interest, and not binding upon the party making it. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.