## GILLMORE vs. WOOLCOCK.

In an action upon a note drawing interest at *twelve* per cent., the answer alleged that the note was given for a loan of money from the plaintiff upon an agreement that the defendant should pay interest therefor at *fifteen* per cent. per annum, and that a certain amount of usurious interest had already been paid upon the contract. *Held*, that the answer was not frivolous, but showed a good defense to the action, except as to the principal sum loaned.

APPEAL from the Circuit Court for *Jefferson* County.
The case is stated in the opinion of the court.
*Holmes & Bruett*, for appellant.
*L. B. Caswell*, for respondent.

*By the Court,* COLE, J.   This was an action to foreclose a mortgage given by the appellant to the respondent, to secure the payment of a promissory note mentioned in the pleadings.   An answer was put in, which was adjudged to be frivolous, and judgment was given for the respondent, for the amount due on the note.   An examination of the answer will show that it is not frivolous, within the decisions of this court.   *Van Slyke vs. Carpenter,* 7 Wis., 173 ; *Grubb vs. Remington,* id., 349 ; *Farmers' & Millers' Bank vs. Sawyer,* id. 379 ; *Martin vs. Weil et al.,* 8 id., 220.   After the discussion in the above cases of what will be deemed a frivolous pleading, it cannot be necessary or profitable to consider that question here.   Besides, we are of the opinion that the answer discloses a good and complete defense to the action, except for the principal sum loaned.   The defense is usury. Without stopping to analyse the answer, it is sufficient to say, that it alleges that a loan of nine hundred dollars was effected in 1858, upon an agreement that the appellant was to pay therefor interest at the rate of fifteen per cent. per annum.   A note was given for the principal sum, drawing interest at the rate of twelve per cent.   But still it is alleged that the loan was made on the consideration that fifteen per cent. interest was to be paid, and it is further averred that twenty-five dollars of usurious interest have already been paid on the contract.   Now, if these allegations are true, it appears to us that it shows a usurious contract.   It was suggested that because the note only drew a rate of interest for which parties, under the statute, were permitted to contract, and there was no obligation to pay the excess, that therefore the note and mortgage were valid. But still, "if the design of the whole transaction, and the inducement to it, are to lend money on usurious interest, the taint of usury affects the whole and every part of the contract ; and no one portion thereof, although in form an independent contract, is made valid by the fact that, taken by itself, it is free from objection.   The very fraud consists in disguising usury by separating the contract into these parts."   2 Parsons on Contracts, 390.   "So if there be a note and a separate oral promise to pay usurious interest,

the note is void." Ibid. See, also, *Willard vs. Reeder*, 2
McCord, 369; *Lear vs. Yarnal*, 3 A. K. Marshall, 419; *Mer-*
*rills vs. Law*, 9 Cowen, 65; *Macomber vs. Dunham*, 8 Wend.,
550; *Hammond vs. Hopping*, 13 id., 505.

Within these authorities the contract set forth in the answer was usurious. At all events, it is plain that the answer was not frivolous, and the court erred in adjudging it to be so.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.