## W. H. COUSINS v. J. W. GREY.

(Case No. 1503.)

1. PRACTICE IN SUPREME COURT.— When there is no statement of facts in the record of a cause appealed to the supreme court, but there are found therein the conclusions of fact and law found by the district judge trying the cause, which conclusions of fact are accepted by appellant as correct, the supreme court will disregard the absence of a formal statement of facts and revise any errors committed by the court below in applying the law to the conclusions of fact so found. Following Chance v. Branch, 58 Tex., 490.

2. USURY.— A contract must itself be tainted with usury in order to avoid it; hence, if a note were given prior to the enactment of any law invalidating a contract for usury, a contract to pay usurious interest thereon, made after the passage of the law, would not affect or vitiate the contract evidenced by the note.   Following Wharton on Con., § 466, and other authorities cited.
3. SAME.— If, however, the usury was forbidden by the law when a note for legal interest was executed, with an agreement that thereafter a new contract should be made providing for usurious interest, and which new contract was consummated in pursuance of the previous agreement, the original contract would be tainted with the device to conceal the usurious nature of the transaction.   Citing U. S. v. Waggoner, 9 Pet., 399, and Gillman v. Woodcock, 13 Wis., 589.

ERROR from Smith.   Tried below before the Hon. John C. Robertson.

Suit was instituted by plaintiff in error against defendant in error upon a promissory note for $1,180, due the 25th day of December, 1873, and to foreclose vendor's lien, less credits indorsed, and upon a note for $110.   The defendant in error set up several sums as payments, alleging them to have been paid upon usurious interest notes given by him to plaintiff in error.   Upon these pleas the court gave judgment in favor of plaintiff in error for $423.02, and allowed the payments, and held that the note drew no interest from November 19, 1876, and also foreclosed plaintiff's vendor's lien.

Error was assigned as follows:

" The court erred in his findings of the law as applied to the facts as found by the court in this: that the court finds the usurious contracts to have been subsequent to the making of the original contract sued upon, and upon these facts holds that the subsequent contract tainted the original contract with usury and worked a forfeiture of the entire interest from the 19th day of November, 1876, up to the day of judgment."

The original note sued upon was made, as found by the court, prior to December 25, 1873.   The subsequent notes were made, as found by the court, on the 19th day of November, 1876, on November 19, 1877, and on November 19, 1878, and which notes executed were paid off, respectively, the first on November 19, 1877; the second on November 19, 1878, and the third on November 19, 1879; and which the court finds to amount to $237.08, which amount he allowed as a credit upon the note sued upon, and upon these facts declared a forfeiture of the entire interest on original note for $1,180 from November 19, 1876.

*Herendon & Cain*, for defendant in error.

*Reaves & Dodd*, for plaintiff in error, cited: Minor's Institutes, pp. 286 and 287; Gray v. Fowler, 1 H. Bl., 462; Scott v. Nesbitt, 2 Bro. C. C., 649; Nicholas v. Fearson, 7 Pet., 103; Rankin v. Rankin, 1 Grat., 155; Parker v. Cousins, 2 Grat., 387; Bank of Washington v. Arthur, 3 Grat., 184.

WILLIE, CHIEF JUSTICE.— Counsel for appellee make the point that we cannot revise the findings of the district judge who tried this case below, for the reason that there is no statement of facts to be found in the record. This might be a good reason why we should not consider an assignment of error to the effect that the judge's conclusions of fact were not warranted by the evidence; but when such conclusions are accepted by the appellant as correct, there can be no reason why we should not revise any errors committed by the judge in applying the law to the facts as thus found by him. Our statute provides that appeals may be taken in such cases without a statement of facts (R. S., art. 1333), and we have so held in effect in Chance v. Branch, 58 Tex., 490.

It is well settled that in order to avoid a contract either altogether or in part for usury, it is necessary that it should itself be tainted with this offense. 3 Pars. on Con., p. 115; 1 Wharton on Con., § 466; Bank U. S. v. Waggoner, 9 Pet., 399.

The judge below found that the note of November 19, 1876, and all others executed after the adoption of the constitution of 1876, were given for interest denounced by that constitution and the laws then in force as usurious, and properly concluded that they could not be enforced. Barnes v. Pilgrim, 24 Tex., 385.

But at the time the note for $1,180, on which this suit is partly founded, was executed, usury was unknown to the laws of Texas, and hence it was necessarily a proper contract so far as the rate of interest was concerned.

This note was therefore valid for both principal and eight per cent. interest, unless affected by the subsequent notes and agreements for usurious interest made after the adoption of our present constitution.

The general principle being as stated, that the contract itself must be tainted with usury in order to avoid it, and this note being wholly free from such taint; and it being also the rule that a valid subsisting debt cannot be impaired by a subsequent void agreement, it would seem that the notes given for illegal interest had no effect upon the validity of the note in question.

In fact, it seems to be the well settled doctrine both in England and America, founded doubtless upon the above principle, that a valid debt can never be avoided by any subsequent usurious contract. Wharton on Con., § 466; Nicholas *v.* Fearson, 7 Pet., 413; Rice *v.* Welling, 5 Wend., 597; Stewart *v.* Petree, 55 N. Y., 623; Richards *v.* Kountze, 4 Neb., 200; Scott *v.* Nesbitt, 2 Bro. C. C., 649; Parker *v.* Cousins, 2 Grat., 387; Gray *v.* Fowler, 1 H. Black., 462; Ramsdell *v.* Soule, 12 Pick., 126. It is so held even when the previous legal contract is canceled and given up to the promisor and merged in the subsequent usurious agreement. The latter is treated as never having been made, and the former as still subsisting in the hands of the promisee. See authorities already cited.

This is the doctrine no matter what penalty may be denounced by the law against usury; whether a forfeiture of both principal and interest, or, as in our law, the interest alone.

Whilst the point has never been directly passed upon by this court, it must have been indirectly held in accordance with the above decisions in the case of Payne *v.* Powell, 14 Tex., 601. It was there in effect held that a subsequent contract to pay usurious interest upon a note, previously executed and untainted with such fault, being void, would not affect such prior note, and the securities upon the latter would be liable as if no such subsequent agreement had been made.

Of course, if the subsequent contract for the illegal interest was made in pursuance of an agreement that this should be done, which agreement was made at the time the original debt was contracted, the case would be different. There the illegal agreement, though executed afterwards, would have had its beginning contemporaneous with the original contract, and the whole arrangement would have been but a device with which to conceal the usurious nature of the transaction. U. S. *v.* Waggoner, 9 Pet., 399; Gillmore *v.* Woodcock, 13 Wis., 589.

Nothing of this kind is shown in the present case, and we think the court below erred, in so far as it refused to allow the appellant interest at the rate of eight per cent. upon the note for $1,180 from and after the 19th of November, 1876. For this error the judgment will be reversed and so rendered here as to allow the appellant to recover the amount of principal and interest at eight per cent. due upon said note down to date, less all such sums as were found by the court below to be proper credits upon such note, these

credits to be allowed of the dates ascertained by the district judge, and interest calculated accordingly, with enforcement of vendor's lien. In all other respects the judgment is affirmed.

JUDGMENT REFORMED AND AFFIRMED.

[Opinion delivered November 20, 1883.]