### SUSAN TUCKER ET AL. V. WILLIAM COFFIN.

#### No. 331.

1. **Evidence of Usury Excluded.**—It was not error to exclude the testimony of the attorney who prepared the papers, that the party loaning the money stated that the amount the borrower should actually receive was the sum of $100, less interest at the rate of 18 per cent per annum, which sum was retained, when the evidence of the defendant showed he borrowed $400, from which plaintiff deducted $40, and $10 were paid to the attorney for preparing the papers by agreement with defendant.

2. **Original Valid Contract Not Affected by Subsequent Usurious Contract.** The original note being free from usury, a recovery could be had for the principal and interest at 12 per cent per annum. Sums subsequently paid in excess of 12 per cent interest should be credited on the note as made at the commencement of each contract year.

APPEAL from El Paso. Tried below before Hon. C. N. BUCKLEY.

*A. G. Wilcox,* for appellants.—1. Communications made to an attorney in the course of his employment as a scrivener and conveyancer

are not privileged, and he can be called to testify thereto.    19 Am. and Eng. Encyc. of Law, p. 136; Caldwell v. Davis, 10 Colo., 481; Smith v. Long, 106 Ill., 485; Bomar v. Fouts, 15 Ind., 50; Harris v. Daugherty, 74 Texas, 1.

2.  In pleading usury as a defense, it is sufficient to state an agreement to give more interest than the highest conventional rate of interest. Sayles' Civ. Stats., art. 2919; Mosely v. Smith, 21 Texas, 442; Bank v. Waybourne (Texas), 16 S. W. Rep., 554; Smith v. Stevens (Texas), 16 S. W. Rep., 986; Jackson v. Cassidy, 68 Texas, 286; Dagal v. Simmons, 23 N. Y., 491; Tyler on Usury, 459; Ware v. Bennet, 18 Texas, 794.

*Millard Patterson*, for appellee.—M. W. Stanton being the attorney for appellee, statements made to him by appellee were privileged communications, and their exclusion was not error.  1 Greenl. on Ev., sec. 237; 19 Am. and Eng. Encyc. of Law, 127; Frank v. Morris, 11 Am. Rep., 5; Gas Co. v. Dudley, 8 Paige, 457; Vroom v. Ditmas, 4 Paige, 526; Manning v. Tyler, 21 N. Y., 567; Brown v. Champlin, 66 N. Y., 214.

JAMES, CHIEF JUSTICE.—*Conclusions of Fact.*—1.  On October 8, 1888, a note was given to appellee in the sum of $400, due one year after date, with 12 per cent interest per annum thereon from maturity until paid.    This note was signed Susan Tucker, by her attorney in fact, George Roller, and by George & Co.    It appears that Susan Tucker and George Roller composed the firm of George & Co. They at same time gave a deed of trust on the property described in the judgment to secure the note.

2.  Coffin gave to the makers of the note $350 in money, kept $40, which was the interest provided in the note for the year, and paid $10 to the attorney who drew the papers for his services, which the makers had agreed to pay, and which was paid with their consent.

3.  We find that at the end of the first year an arrangement was made by which forbearance or extension of the note was agreed upon by the payment of interest thereafter at the rate of 1½ per cent per month.    Upon the testimony of Coffin this appears, and further, that at the maturity of the note the sum of $72 was paid in advance for the following year, and the same amount was paid in like manner for the two succeeding years.

*Conclusions of Law.*—The first and second assignments of error complain of the court's refusal to permit M. W. Stanton, the attorney who drew the papers relating to this transaction, to answer this question: "Is it not a fact that William Coffin told you, at the time of the making of the loan from him to defendants, that the amount of money the defendants should actually receive upon the note which has been sued on in this case was the sum of $400, less interest at the rate of 18 per

cent per annum, which was taken out?" Defendant shows by his bill of exceptions that they also offered to prove by the witness that the only amount received by defendant on the note was $350, as stated to him by the parties at the time he was employed in the matter, and that the $50 was to represent the interest for the first year. It is not necessary for us to consider the grounds given why the testimony should have been admitted. If Coffin did make the statement indicated in the question, or if Stanton had given the testimony mentioned, it would not have affected the result, inasmuch as it is clearly shown by the testimony of defendants that Coffin gave them $350 in money and paid for them to the attorney $10 fees, and retained the sum of $40, which was less than 12 per cent per annum on the $360 thus received by defendants. George Roller himself testified: "I got $350 in cash, and $50 was added thereto as interest and for attorney's fee in examining title, etc., making the $400. * * * I was to pay the attorney his fee for the work, and he was paid a fee of $10 for doing this work, and this fee was by agreement paid by Mr. Coffin out of the $50 kept back at the time the note was executed." This being the transaction as presented by defendants' own testimony, we do not perceive any injury done to them by this ruling of the court. It shows that defendants received the benefit of $360 of the money, and that the sum retained by Coffin for its use for one year was not in excess of the lawful rate. If Coffin had intended to deduct 18 per cent from the loan, he did not in fact do so, and there was no agreement to do so, as the evidence conclusively shows.

We see no reason why the plaintiff was not entitled to accruing interest according to the terms of the original note, it being free from usury. If no payments had been made after its maturity, plaintiff could have recovered interest at 12 per cent per annum. Over-payments of interest, although in pursuance of a subsequent usurious agreement, certainly are valid so far as the original note entitled plaintiff to receive the same. It is held that the original valid contract is not affected by a subsequent usurious contract. Cousins v. Grey, 60 Texas, 349; Payne v. Powell, 14 Texas, 601; Krause v. Pope, 78 Texas, 478.

We are therefore of the opinion that the three sums paid in excess of 12 per cent should be credited on the note as made at the commencement of each contract year.

Defendants pleaded the payments of $72 for each of the three years, claiming them to have been usurious, and asking that they be applied to the principal. To the extent above indicated this should have been done, and in this respect the judgment will be reformed and otherwise affirmed.

*Reformed and affirmed.*

Delivered April 4, 1894.

ON MOTION FOR REHEARING.

JAMES, CHIEF JUSTICE.—As counsel suggests, our first conclusion of fact in this case is probably erroneous in stating that the firm of George & Co. was composed of George Roller and Susan Tucker. The petition is misleading in this allegation, but by a closer reading of it, it would seem that it alleged that the former composed the firm. The finding one way or the other is not material. Our second conclusion of fact is correct, as from the testimony of George Roller himself, who stated that he got only $350, and the other $50 was retained by Coffin as interest, and that the $10 attorney's fee was by agreement paid by Coffin out of the $50 kept back at the time the note was executed.

Appellants contend, that as Roller received only $350 it would be error to allow the contract rate of interest (12 per cent) from maturity on the entire $400. The transaction as it appears to us is virtually the same as if Roller had paid $40 interest to Coffin and $10 to the attorney. The original contract was not usurious in calling for $400, with 12 per cent from maturity.

The motion is overruled.

*Motion overruled.*

Delivered May 2, 1894.