### QUINLAN'S ESTATE v. MARY SMYE.

Decided April 12, 1899.

1. **Pleading and Judgment in Foreclosure.**

Where plaintiff's petition in an action to forclose a lien on land stated the locality of the land and its allegations were not denied, the only issue made by the pleadings being in regard to usury, proof as to the locality of the land was not required, and the judgment properly stated it as in the petition.

2. **Usury—Constitutional Provision Self-Executing.**

The declaration of the Constitution (article 16, section 11), that all contracts for a greater rate of interest than 10 per cent per annum shall be deemed usurious, and that the first Legislature thereafter shall provide appropriate pains and penalties to prevent the same, is self-executing so far as to render all contracts of the kind denounced immediately illegal. Following Hemphill v. Watson, 60 Texas, 679.

3. **Same—No Penalty as to Oral Contracts.**

The penalty prescribed by article 3106 of the Revised Statutes providing that if

usurious interest, "as defined by the preceding articles," shall thereafter be received or collected, the person paying the same may recover double the amount of interest so received or collected, does not apply in cases of oral contracts, as the preceding articles defining usurious interest are confined to written contracts.

**4.  Same—Note and Subsequent Oral Agreement.**

A written contract, or a note not usurious in itself, can not (articles 3104, 3106, Revised Statutes, providing, in effect, that no more than 10 per cent interest can be recovered on written contracts, and for a penalty of double the amount of the interest paid in excess of that rate) be brought under such penalty by a subsequent oral agreement, made after the maturity of the note, to pay more than the legal rate of interest for a further extension of time.

**5.  Same—Illegal Oral Agreement Void Only as to Excess.**

The constitutional declaration that all contracts reserving a greater than the legal rate of interest, are usurious, merely operates of itself to prevent the recovery of more than the legal rate, and oral agreements for more than the legal rate are by it made void only as to the excess above the rate which the statute allows.

ERROR from Bexar.  Tried below before Hon. J. L. CAMP.

*W. H. Huston* and *Geo. C. Altgelt,* for plaintiff in error.

*J. A. Buckler,* for defendant in error.

FLY, ASSOCIATE JUSTICE.—Defendant in error sued plaintiff in error to recover on a promissory note of date October 21, 1890, for the sum of $850, and interest at the rate of 8 per cent per annum, and to foreclose a vendor's lien on "block H, out of the original city lot 10, range 4, district 1, east of Alamo Plaza," in the city of San Antonio, Bexar County, Texas.  There was no denial of any of the allegations in the petition, but usury was set up, and it was pleaded that there were payments of $68 and $25.50 on October 21, 1891, which were pleaded as payments on the principal of the note, and that double the amount of payments thereafter made to the amount of $484.50, April 11, 1892, be allowed as a counterclaim against the note.  Defendant in error pleaded two years limitation to the foregoing amounts.  The case was submitted to the court, and judgment was rendered for defendant in error for the sum of $673.50 with interest thereon from date of judgment, being the amount of the original note with interest at the rate of 8 per cent per annum from the maturity of the note up to date of judgment, and crediting the plaintiff in error with all payments of interest made after maturity of the note as of date of their payment, as in case of partial payments, and 10 per cent attorney's fees on the amount found due at date of judgment, and in case of payments made two years prior to filing of suit, amounting to $102, credit for $204 was given plaintiff in error.  Both parties excepted to the judgment, and it comes before this court as an agreed case.

On October 21, 1891, when the note became due, the maker paid $68, which was the amount of interest due on that date, and it was verbally agreed between them that in consideration of interest at the rate of 12 per cent per annum, payable quarterly, the time of payment should be extended, no date being fixed.  Plaintiff in error paid $25.50 on October 21, 1891, which represented the amount, in advance, of the first quarter's

interest at 12 per cent, and continued to pay the interest up to October 21, 1896, the same being paid quarterly in advance except in two instances, when the payments were for six months in advance.

The only description of the land upon which a foreclosure of the lien was sought, introduced in evidence, was one contained in the promissory note, which did not state that it was situated in the city of San Antonio, Bexar County, Texas, but this additional item of description was entered in the judgment, which appellant contends was error. It was alleged in the petition that the land was situated in the city of San Antonio, Bexar County, Texas, and there being no denial of the allegations of the petition, they were admitted to be true. Wellborn v. Carr, 1 Texas, 463. There was only one issue made by the pleadings, and that was in regard to usury.

It is provided in article 16, section 11, of the State Constitution, that "all contracts for a greater rate of interest than 10 per cent per annum shall be deemed usurious, and the first Legislature after this amendment is adopted shall provide appropriate pains and penalties to prevent the same." This section was declared adopted September 22, 1891. In 1892 laws were passed prescribing the pains and penalties to prevent and punish usury as required by the Constitution. Rev. Stats., arts. 3104, 3106.

The verbal contract in regard to the interest was made after the constitutional amendment of 1891 had been declared adopted, but prior to the enactment of laws by the Legislature. It has been, however, held by the Supreme Court that a provision against usury "is prohibitory in its nature and self-executing so far as to render all contracts of the kind denounced immediately illegal; and it left to the Legislature the only remaining duty of saying what penalties should be imposed upon offenders against this clause of the Constitution." Watson v. Aiken, 55 Texas, 536; Hemphill v. Watson, 60 Texas, 679. We will therefore discuss the matter as though articles 3104 and 3106 were in operation at the time the contract of October 21, 1891, was made.

In article 3104 it is provided: "All written contracts whatsoever, which may in any way, directly or indirectly, violate the preceding article by stipulating for a greater rate of interest than 10 per cent per annum, shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered." This is the only statute which declares a contract for a greater rate of interest than 10 per cent void, and it clearly appears by its terms that it has no reference to any but written contracts; and in the whole of title 59, which is devoted to interest, there is no prohibition of usury in oral contracts. Article 3102, which prescribes the rate of interest on open accounts when no rate is agreed upon, does not prescribe the maximum rate of interest that may be charged. It is significant that immediately after articles 3101 and 3102, which prescribe, the first the rate of interest on written contracts when no rate has been agreed upon, and the latter the same on open accounts, article 3103 provides that "the

parties to any written contract may agree to and stipulate for any rate of interest not exceeding 10 per cent per annum on the amount of the contract." Article 3106 provides that "if usurious interest, as defined by the preceding articles, shall hereafter be received or collected, the person or persons paying the same, or their legal representatives, may by action of debt, instituted in any court of this State having jurisdiction thereof within two years after such payment, recover from the person, firm, or corporation receiving the same, double the amount of the interest so received or collected." "Usurious interest, as defined by the preceding articles," as we have endeavored to show, has no application except to "written contracts," and there is therefore no provision for the recovery of the penalty of double the amount of usurious interest paid on an oral contract.

In the case of Dunman v. Harrison, 41 Southwestern Reporter, 499, the Court of Civil Appeals of the Second District held that articles 3103 and 3104 "seem to restrict the constitutional declaration to written contracts," and after quoting the provision that "all written contracts whatsoever which may in any way, directly or indirectly, violate the preceding article, by stipulating for a greater rate of interest than 10 per cent per annum, shall be void and of no effect for the amount or value of the interest only," goes on to say: "We are therefore of opinion that as the contract under consideration was a unit, though not all expressed in the written instrument, it should be treated as a violation, indirectly at least, of the usury statute; and if this be not a sound interpretation, then we think the restrictive feature of the statute should be held to be in violation of the more comprehensive and emphatic declaration of the Constitution." We can not give our full assent to the conclusion of that court, as above expressed. If it could be maintained that a contemporaneous oral agreement for usurious interest made in connection with a written instrument is included within the terms of article 3104, it could not affect this case, for the reason that the written contract was made prior to the verbal agreement, and its validity could not be affected by the subsequent oral agreement. Payne v. Powell, 14 Texas, 601; Cousins v. Gray, 60 Texas, 349; Krause v. Pope, 78 Texas, 478; Tucker v. Coffin, 7 Texas Civ. App., 415, 26 S. W. Rep., 323.

The constitutional article in regard to usury seems to apply to all contracts whether written or verbal, and it commands the Legislature to provide pains and penalties for usurious contracts; but the Legislature made the pains and penalties refer to written contracts alone, and the failure to apply the pains and penalties to oral contracts would not have the effect, as seems to be contemplated in the case of Dunman v. Harrison, above cited, of making the statute applicable to all contracts as provided by the Constitution, whether it is so expressed therein or not, but would simply necessitate a falling back on the Constitution to obtain the rule to be followed in passing upon usurious oral contracts. When we do this we merely have a provision declaring interest above a certain rate illegal, no penalty being attached for violation of the provision. There has been

some conflict of decision as to the effect upon usurious contracts of a naked declaration that interest above a certain rate was usurious. In 1850 a Constitution was adopted in the State of Maryland, in which the section on usury was almost in the terms of the present Constitution of Texas, and the Supreme Court of the United States held that, "as the Constitution has forbidden the taking or demanding of more than 6 per cent, no contract made in this State can be enforced where a higher rate of interest is taken or demanded by the contract." "A court of justice can not lend its aid to him recover it [the money loaned], because the contract for the loan is one entire thing, and consequently is altogether invalid or void, and it would be contrary to the duty of a court of justice to assist a party in consummating an act which the law forbids." Dill v. Elliott, Taney, 233. The Supreme Court of Maryland did not agree with the doctrine above quoted, but held that the creditor could recover the principal and legal interest. Randel v. Isaac, 13 Md., 202. The extreme view held by the Supreme Court of the United States has met with little favor in the State courts, but the more reasonable rule prevails that "very high rates of stipulated interest which transcend statutory limits are abated and brought to the standard which the law fixes." Suth. on Dam., sec. 315, and notes. It has never been held in Texas that independent of a statute there would be a forfeiture of more than the amount of the interest contracted for in excess of the amount allowed by law.

We conclude that the contract as evidenced by the note was not affected by the oral agreement for usurious interest. When the payment of $25.50 was made on October 21, 1891, all the interest due on the note was paid, and that sum should be credited on the principal of the note, and that portion of each of the payments thereafter made in excess of interest due at the rate of 8 per cent should be credited on the principal, and on the amount remaining due defendant should recover interest at the rate of 8 per cent until the date of this judgment and 10 per cent on that sum for attorney's fees as provided in the note.

The judgment of the District Court will be reformed and rendered as herein indicated.

*Reformed and rendered.*

Writ of error refused.