## SMITH v. FARMERS' STATE BANK.
### (No. 10604.)

(Court of Civil Appeals of Texas. Fort Worth. April 12, 1924. Rehearing Denied May 24, 1924.)

**1. Chattel mortgages ⟨⟩47—Description of car in petition held sufficient to warrant foreclosure.**

Description of an automobile in supplemental petition giving state license, seal number, and engine number held sufficient to warrant foreclosure of a chattel mortgage on it.

**2. Banks and banking ⟨⟩227(2)—President's testimony as to custom of crediting interest payments held admissible, without special pleading.**

In action by a bank on a note, testimony of the president as to bank's custom of adding to face of note interest to time of maturity, and method of crediting payments, held admissible, and not to show custom and usage requiring special pleading.

**3. Evidence ⟨⟩121(10)—Slips of paper on which bank enters payments as made held admissible as res gestæ.**

Slips of paper upon which payments to a bank are entered at the time they occur are admissible as res gestæ to prove the transaction.

**4. Appeal and error ⟨⟩1040(5)—Sustaining demurrer to cross-action to recover usurious interest and overruling answer held not prejudicial.**

In action on a note, defendant having testified fully as to payments made, and the charge not having limited consideration of the testimony, the court's overruling of defendant's answer setting up his payments, and sustain-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ing demurrer to his cross-action to recover usurious interest payments, was not prejudicial.

### On Motion for Rehearing.

5. Appeal and error ⊂⇒1171(1)—De minimis lex non curat held to preclude reversal for failure to allow recovery of usurious interest.

In action on a note, defendant could recover on cross-action as usurious twice the amount of usurious interest charged in excess of that due, and where the excess amounted to $3.04 the rule de minimis lex non curat precluded reversal for failure to allow its recovery.

Appeal from Haskell County Court; Jas. P. Kinnard, Judge.

Action by the Farmers' State Bank against A. J. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Albert J. Smith, of Haskell, for appellant.
Murchison & Davis, of Haskell, for appellee.

BUCK, J. The Farmers' State Bank filed suit against A. J. Smith, hereinafter called defendant, on a note for the principal sum of $679.85, dated August 8, 1921, with interest at 10 per cent. from maturity, due October 17, 1921, and further providing for the usual 10 per cent. attorney's fee. In its original petition the plaintiff alleged that to secure the payment of said note the defendant executed a mortgage on "one 6-cylinder automobile." In its first supplemental petition the automobile was described more particularly, giving its state license, its seal number, and its engine number. The plaintiff admitted that the defendant had paid $50 on the principal of said note on December 14, 1921, and had paid "about $35" more, evidently pleaded as interest.

The cause was submitted to a jury on one special issue: "How much money has been paid on the note sued on? State in dollars and cents." The jury answered that $86.35 had been paid. Upon this verdict the court entered judgment for plaintiff for $739.69, together with interest thereon at the rate of 10 per cent. per annum from the date of the judgment, and all costs of the suit. A foreclosure of the mortgage on the six-cylinder automobile, described by state license, seal, and engine numbers, was awarded. The defendant has appealed.

The defendant alleged the payment of $150 on the principal of the note, and $40 in payment of interest charged. He testified that on December 13, 1921, he went into the bank and talked to R. C. Montgomery, the president, and that Montgomery told him that, if he would pay as much as $150 on the principal of the note, and interest up to January 1, 1922, the bank would carry the note to the last-named date; that he charged $16 interest for said time, which the defendant paid, and $100 on the principal; that on De-

cember 14 defendant paid $50 on the principal; that on August 9, 1922, the bank charged against defendant's account $24 as interest from January 1 to May 1, 1922. Defendant claimed that the stated payments for interest were usurious, and he pleaded as a cross-action for a recovery of $80, being twice the amount of the entire interest paid. He further pleaded that after the court had determined the amount he was due he would pay said amount.

R. C. Montgomery testified for the bank, stating that on December 14, 1921, the defendant had paid $50 on the principal and $12.35 as interest from October 17, 1921, and $24 on August 9, 1922; that if the $24 was more than the amount of interest due such overcharge was not intentional, and made through mistake; that he believed $24 would be more than 10 per cent. interest on the note from January 1st to May 1, 1922. The jury evidently believed the testimony of plaintiff's witness. The evidence being conflicting as to the number and amount of payments made, the verdict of the jury is controlling.

[1] One of appellant's assignments urges error in the trial court's action in overruling his demurrers to that part of plaintiff's original petition referring to the mortgage, on the ground that the description contained in said mortgage was vague, uncertain, and not sufficient to create a lien against said automobile. We think the description given in the plaintiff's supplemental petition was amply sufficient to justify a foreclosure of the mortgage on the automobile described.

[2, 3] Another assignment, as found in defendant's motion for new trial in the court below, is that the trial court erred in permitting the witness R. C. Montgomery to testify over the objection of defendant as to what the custom of plaintiff bank was. Montgomery testified:

"I do not recall the date from memory, only as it is shown in the note. It is our custom at the bank to add the interest into the face of the note to the time of maturity, and make it draw interest from maturity. We have a system of credit slips for whatever is paid on a note. If it is principal, we make a cash credit slip to show the amount, and if it is interest paid on the note we make an interest credit slip. I also credit a note with the principal amount paid. Yes; this is the note given by A. J. Smith to the Farmers' State Bank for the principal sum of $679.85, dated August 8, 1921, and due October 17, 1921, providing for 10 per cent. interest after maturity."

It would be a matter of impossibility for any officer of a bank to keep in mind all the transactions had and payments made on notes held by the bank, especially after the lapse of months. Where the purport of these transactions are entered at the time they occur on slips of paper or the books of the bank, such entries are admissible to prove the transaction. Such entries when so made be-

come admissible as in the nature of res gestæ of transactions which they record. These slips and books themselves, as thus kept, are admissible as proof of the transactions recorded by them. 1 Greenleaf on Evidence, §§ 117, 118, 119.

We do not think that the testimony of the witness as to the methods of the bank in keeping records of the transactions was inadmissible. We do not believe that such methods constituted a custom or usage necessary to be pleaded in order to make admissible. See 27 R. C. L. p. 152 et seq. for a discussion of "Usages and Customs."

[4] Complaint is made at the action of the trial court in overruling defendant's answer and cross-action, and in sustaining plaintiff's demurrer to that part of defendant's first amended answer setting up the alleged payments made and items of interest charged and collected. It is claimed that the court, in effect, precluded defendant from recovering on his cross-action for usury, and from securing the credit claimed by him to have been due for the alleged payment of $100 on the note in controversy. The defendant testified fully as to these payments, and the jury were not limited by the charge in their consideration of all the testimony. In Quinlan's Estate v. Smye, 21 Tex. Civ. App. 156, 50 S. W. 1068, by the Court of Civil Appeals, writ of error denied, it is held that a verbal agreement to extend payment of a matured note drawing lawful interest, in consideration of usurious interest, does not invalidate the note so as to bring the agreement within the statute; that the contract, as evidenced by the note, was not affected by the oral agreement for usurious interest, and that any excess interest charged and collected should be credited on the principal of the note.

We have examined and considered other assignments in plaintiff's brief, and conclude that no error is shown in the record. Hence all assignments are overruled, and the judgment is affirmed. We overrule appellee's motion for affirmance with 10 per cent. damages.

On Motion for Rehearing.

[5] Since the cause below was submitted to the jury on only one issue, and in answer to that issue the jury found that only $86.35, had been paid on the note, and this finding was in accordance with the testimony of plaintiff, given by R. C. Montgomery, we need only to consider whether under this finding usurious interest is shown to have been charged on the note and collected. The evidence shows that the original note for $879.85 was given August 8, 1921, with 10 per cent. interest from maturity. It became due October 17th thereafter. On December 14th the defendant below paid $50 on the principal and $12.35 interest, the interest being paid from October 17th to January, 1922. As we figure the interest for that

time, it amounts to little more than was charged. Later the bank appropriated out of the defendant's deposit $24 to pay interest from January 1 to May 1, 1922. Interest on $629.85, at 10 per cent. for four months amounts, as we figure it, to $20.96. The amount of interest charged was only $3.04 more than the interest due. It would be for twice this amount that defendant could recover in his cross-action, at any rate. We do not think this court would be justified in reversing the judgment below for such a small error, if any. Montgomery admitted that $24 was an overcharge, but said that such overcharge was a mistake in calculation, and made unintentionally. De minimis lex non curat.

Motion for rehearing is overruled.