**CARDER v. KNIPPA MERCANTILE CO.**
(No. 7823.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 19, 1927.

Rehearing Denied Jan. 4, 1928.

1. **Constitutional law** ☞32—**Under Constitution prohibiting usury, Legislature must fix penalties for violation thereof (Const. art. 16, § 11).**

Const. art. 16, § 11, providing that all contracts for greater rate of interest than 10 per cent. per annum shall be usurious, is self-executing to the extent only of rendering usuri-

ous contracts illegal, and Legislature must fix penalties for violations of such provision.

2. **Usury** ☞137—**Charging 10 instead of 6 per cent. interest on open account without customer's knowledge did not entitle customer to penalty under usury statutes (Rev. St. 1925, arts. 5069–5071, 5073).**

Customer could not collect statutory penalty for usury where storekeeper charged 10 per cent. interest on open account and customer was not aware charge was made, since, under Rev. St. 1925, art. 5069, defining usury, and article 5070, providing when no specified rate of interest is agreed upon interest shall be charged at 6 per cent. per annum on open accounts, and article 5071, limiting interest to 10 per cent., and article 5073, prescribing penalty where greater rate than 10 per cent. shall be received, no penalty was prescribed for cases where greater rate of interest than 6 per cent. and less than 10 was collected upon open accounts where no specific rate was agreed upon.

3. **Usury** ☞64—**Customer's subsequent agreement to plant crop for storekeeper's benefit held not additional interest rendering interest payment on open account usurious.**

Where storekeeper charged customer 10 per cent. interest on open account and customer planted crop of oats for benefit of storekeeper, such service was not additional interest rendering payment usurious, since agreement was not part of contract upon which usury claim was based where made long after that contract was executed because of exigency arising in relations of parties.

On Motion for Rehearing.

4. **Judgment** ☞253(1)—**Customer suing storekeeper for usury could not recover for excess payments not covered in pleadings.**

Customer suing storekeeper for alleged usury was not entitled to recover for excess payments made on account which were not covered in pleadings.

Appeal from Uvalde County Court; Green B. Fenley, Judge.

Action by J. I. Carder against the Knippa Mercantile Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Atlas Jones, of Uvalde, for appellant.
Ditzler H. Jones, of Uvalde, for appellee.

SMITH, J. This action was brought by appellant, J. I. Carder, to recover of appellee certain items of alleged usurious interest, as well as for damages alleged to have been sustained by appellant when appellee refused to honor certain drafts drawn against it by appellant. The trial court directed a verdict against appellant upon the issue of usury, and the jury found against him upon the issue of damages.

It appears that appellee operates a general merchandise and supply store in the town of Knippa, that appellant has been a credit customer of the store for several years, and that

appellee, from year to year, advanced provisions, supplies, and money on open account to appellant in his somewhat extensive farming operations. From time to time as the open account accumulated it would be covered by appellant's notes, secured by mortgages upon his personal property and crops. For the crop season of 1925–1926 appellant gave appellee his note for amounts then due and executed a chattel mortgage to secure the existing debt and advances to be made by appellee to him during the ensuing season. Subsequently, and during that crop season, appellee raised the question of whether it could continue to extend credit to appellant during the remainder of the year, and as a result of the discussion of the matter appellant agreed to and did in · pursuance of that agreement prepare and plant 100 acres of oats for appellee without charging the latter for such service. At the end of the year appellant fully paid off the notes and open account due appellee, who canceled the notes and released the mortgages it held against appellant. Subsequently this suit was brought.

It appears from the record that in computing the amounts of appellant's open accounts appellee included interest upon said accounts at the rate of 10 per centum per annum from the dates of the accrual of the various items, and these interest items were added to the principal and included in the notes, which were made to bear 10 per cent. interest from date. By this system appellant was obligated tó and did in fact pay 10 per cent. interest on his purchases from the respective dates thereof. Appellant was not aware of this system, and at the times he executed and paid the notes he had no actual knowledge of the fact that he was obligating himself to pay these interest items, or that he was in fact paying them. When he subsequently discovered the fact, he brought this suit upon the contention that, in charging and collecting from him 10 per cent. interest upon the open account, appellee had violated the provisions of the usury statute, entitling him to recover the statutory penalty for such infraction.

[1] The constitutional inhibition against usury condemns "all contracts for a greater rate of interest than ten per centum per annum" as usurious, "but when no rate of interest is agreed upon, the rate shall not exceed six per centum per annum." Article 16, § 11. This provision is self-executing to the extent only of rendering usurious contracts illegal, and to the Legislature was delegated the power and duty of fixing penalties for violations of the constitutional provision. Hemphill v. Watson, 60 Tex. 679; Quinlan's Estate v. Smye, 21 Tex. Civ. App. 156, 50 S. W. 1068. But, in any event the constitutional provision was not contravened in this case, in so far as it is claimed that interest was charged upon an open account, for

it is conceded that that charge did not exceed 10 per centum of the principal debt. So, appellant is relegated to the penalties fixed by· the Legislature in response to the constitutional mandate.

[2] The Legislature defined "interest" as "the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." "Legal interest" is defined as "that interest which is allowed by law when the parties to a contract have not agreed upon any particular rate of interest." "Usury" is defined as "interest in excess of the amount allowed by law." Article 5069, R. S. 1925.

It is provided in article 5070, that:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent. per annum shall be allowed * * * on all open accounts, from the first day of January after the same are made."

For violation of the usury statutes, it is provided in article 5071:

"The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent. per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

It is further provided in article 5073:

"Within two·years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. * * *"

It will be at once observed that the prescribed penalty is recoverable only in cases where the rate of interest contracted for and collected exceeds 10 per centum per annum. Articles 5071, 5073. And while it is true that in article 5070 it is provided that, when no specified rate of interest is agreed upon by the parties, "interest at the rate of six per cent. per annum shall be allowed * * * on all open accounts, from the first day of January after the same are made," no penalty is prescribed for cases in which a greater rate of interest, or interest for a longer period, is collected upon open accounts where no specific rate is agreed upon. So, regardless of several other questions incidental to the case-made, appellant has not shown himself entitled to recover the penalties prescribed by the statute.

[3] Appellant also contends that the agreement whereby he obligated himself to, and did, plant a crop of oats· for appellee without charge for his services was equivalent to the payment of additional interest upon his

debt to appellee. We overrule this contention. The. agreement was not a part of the contract upon which the usury claim is based,. was. made long after that contract was executed, and arose out of an exigency arising in the relations of the parties. It was entered into voluntarily and without coercion from appellee. If it was made in. order to obtain further indulgence or forbearance. from appellee, such forbearance constituted a sufficient consideration for appellant's services, and in no event can it be given the.character of interest upon an existing money obligation which appellant owed appellee. If those services, or the interest upon the open account, were obtained by fraud or coercion, or without independent and sufficient consideration, appellant has his right of action. at law therefor. We think the court correctly directed the jury in favor of appellee upon all counts of the issue of· usury.

Upon the issue of damages, the jury found against appellant upon evidence deemed sufficient to support the finding.

The judgment is affirmed.

## On Motion for Rehearing.

We. have carefully considered appellant's motion for rehearing, which is urged with unusual ability and earnestness. It is particularly contended that this court misapprehended the theory upon which appellant sought to recover as upon an usurious contract, but as in the opinion of this court appellant is not entitled to recover upon the theory now urged, or that discussed in the opinion, the claimed misapprehension is immaterial.

[4] It is also urged that, in any event, appellant was entitled to reimbursement of items alleged to have been paid appellee in excess of amounts actually due it; but we do not understand that appellant's pleading entitled him to such recovery. His motion for rehearing will be overruled, without prejudice, however, to whatever cause of action he may have upon his claim of excess payment.