OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

October 14, 2002

The Honorable Bill G. Carter
Chair, House Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0564

Re: Whether a city council may determine that its members are not eligible to serve as members of a volunteer fire department, and related questions (RQ-0539-JC)

Dear Representative Carter:

The City of Cockrell Hill has adopted a resolution prohibiting its mayor or a member of its city council from simultaneously serving as a member of the Cockrell Hill Volunteer Fire Department. You ask whether the city is authorized to enact such a resolution.[1] We conclude that the City Council of Cockrell Hill, as a type A general-law municipality, lacks authority to adopt a resolution declaring that its mayor or a member of its city council may not simultaneously serve as a member of the municipality's volunteer fire department. Section 21.002 of the Local Government Code provides, however, that such dual service is not permitted *unless* the city council adopts a resolution specifically authorizing it. *See* TEX. LOC. GOV'T CODE ANN. § 21.002 (Vernon Supp. 2002).[2] The city council may not declare that such dual service acts as an automatic resignation from the council. Rather, removal of a member of the governing body of a general-law city is governed by subchapter B of chapter 21 of the Local Government Code. *See id.* §§ 21.021-.032. We begin with a review of the relevant law, followed by a background discussion of the circumstances that prompted your request.

The common-law doctrine of incompatibility is one part of the overall prohibition against a single individual holding more than one office or employment that also includes constitutional restrictions, most notably article XVI, section 40, thereof. *See* TEX. CONST. art. XVI, § 40 ("Holding more than one office; exceptions, right to vote"). Incompatibility has three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. Nos. JC-0199 (2000), JM-1266 (1990). The first is derived from the Texas Supreme Court's decision in *Ehlinger*

---

[1]Letter from Honorable Bill G. Carter, Chair, Committee on Urban Affairs, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Apr. 30, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]The Seventy-seventh Texas Legislature gave the statutory designation of section 21.002 of the Local Government Code to two different and separate enactments. This opinion concerns the version enacted by Senate Bill 738. *See* Act of Apr. 20, 2001, 77th Leg., R.S., ch. 42, 2001 Tex. Gen. Laws 73.

*v. Clark*, 8 S.W.2d 666 (Tex. 1928), in which the court stated that "[i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint." *Ehlinger*, 8 S.W.2d at 674. The "self-employment" aspect of incompatibility is a kind of corollary to the "self-appointment" doctrine. It was first recognized in Texas in Attorney General Opinion LA-114 (1975), in which this office said that a public school teacher was ineligible to serve as a member of the board of trustees of the district in which she was employed as a teacher. *See* Tex. Att'y Gen. LA-114 (1975). The third aspect of incompatibility – conflicting loyalties – was first announced by a Texas court in the case of *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). In that case, the court held:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits – *e.g.*, there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Abernathy*, 290 S.W. at 153 (citation omitted). Common-law incompatibility is thus not a single doctrine. Rather, it constitutes three separate rules, two of them promulgated by two separate courts in different cases at different times, and one announced by the attorney general a quarter of a century ago.

In 1999, we were asked whether a member of the City Council of Gilmer could at the same time serve as a member of the Gilmer Volunteer Fire Department. In Attorney General Opinion JC-0199, we observed that the city charter of Gilmer, a home-rule city, "creates 'a Fire Department for the City of Gilmer, to be maintained by the Gilmer Volunteer Fire Department for the protection of the City'"; that the department "is clearly under the control of the city . . . and is led by a chief who must be approved by the city council"; and that members of the volunteer fire department were "'compensated at the rate of $4.00 per fire and $4.00 per drill, and receive[] an annual contribution from the city to the Fire Fighters Relief and Retirement Fund.'" Tex. Att'y Gen. Op. No. JC-0199 (2000) at 2 (citing GILMER CITY, TEX., CHARTER, art. 4 (1997)). As a result, we concluded that, because a member of the Gilmer Volunteer Fire Department was therefore an employee of the city, a member of the city council was barred by self-employment incompatibility from serving simultaneously as a member of the volunteer fire department. We noted that the situation in Gilmer could thus be distinguished from that in Attorney General Letter Opinion 94-070, in which this office had said that "a member of the City Council of the City of Hudson was not precluded from simultaneously serving as a member of the Hudson Volunteer Fire Department." *Id.* at 1; Tex. Att'y

Gen. LO-94-070, at 2-3. In the City of Hudson case, the city "did not control the fire department or determine the duties of the volunteer fire fighters." Tex. Att'y Gen. Op. No. JC-0199 (2000) at 1-2; Tex. Att'y Gen. LO-94-070, at 1-2.

In 2001, the legislature enacted Senate Bill 738, which added section 21.002 to the Local Government Code. *See supra* note 2. That statute provides:

> A member of the governing body of a municipality may serve as a volunteer for an organization that protects the health, safety, or welfare of the municipality regardless of whether the organization is funded or supported in whole or part by the municipality if the governing body adopts a resolution allowing members of the governing body to perform service of that nature.

TEX. LOC. GOV'T CODE ANN. § 21.002 (Vernon Supp. 2002). The statute took effect on May 3, 2001, immediately upon the governor's signature. *See* S.J. OF TEX., 77th Leg., R.S. 1743 (2001). Senate Bill 738 was enacted, according to the bill analysis, specifically in response to Attorney General Opinion JC-0199. The bill analysis for the engrossed version states:

> The Texas attorney general issued an opinion in March, 2000 prohibiting a member of the Gilmer Volunteer Fire Department from simultaneously serving as a member of the city council of the City of Gilmer. The attorney general concluded that such an action would implicate the common[-]law doctrine of self[-]employment incompatibility that bars an individual from holding two positions, one of which is immediately or ultimately answerable to the other. The attorney general noted that the Gilmer fire department volunteers are not truly unpaid and that the fire chief elected by the volunteer fire department must be approved or denied by the city council.
>
> As many city charters allow for a modest level of compensation for volunteer fire fighters, the distinction between "volunteer" and "employee" can blur. Volunteers such as reserve police officers, volunteer emergency medical service technicians, and volunteer librarians make important contributions to small communities whether they are uncompensated or modestly compensated for their service. Senate Bill 738 allows a member of the governing body of a municipality to serve as a volunteer for an organization regardless of whether the organization is funded or supported by the municipality.

OFFICE OF HOUSE, BILL ANALYSIS, Tex. S.B. 738, 77th Leg., R.S. (2001) (engrossed version).

Newly enacted section 21.002 does not state that the dual service it permits is authorized *only* if a city council adopts the appropriate resolution. Nonetheless, we believe that such is the statute's clear implication. When a right or "power is granted and the method of its exercise prescribed, the prescribed method excludes all others." *Foster v. City of Waco*, 255 S.W. 1104, 1105 (Tex. 1923). In our opinion, the legislature intended, by enacting Senate Bill 738, to preempt the common law and thus to occupy the field with regard to that aspect of self-employment involving dual service on city councils and volunteer fire departments. Thus, dual service in those specific instances is necessarily prohibited *unless* a city council adopts the kind of resolution described in section 21.002.

In January, 2002, the City Council of Cockrell Hill adopted the following resolution:

> (1)  It is against public policy for a person to serve as mayor, council person and as a member of Cockrell Hill Fire Department at the same time; and

> (2)  If a person chooses to serve on the Cockrell Hill Volunteer Fire Department, such action shall be deemed a violation of public policy and shall be deemed a resignation as a member of the City Council of the City of Cockrell Hill, Texas[,] and the City Council of the City of Cockrell Hill, Texas shall immediately replace such member or members as provided by law.

CITY OF COCKRELL HILL, TEX., RESOLUTION No. 2002-B (2002). You ask whether the city council was authorized to adopt this resolution. *See* Request Letter, *supra* note 1, at 1-2.

A home-rule city derives its power not from the legislature but from article XI, section 5, of the Texas Constitution. *See Quick v. City of Austin*, 7 S.W.3d 109, 122 (Tex. 1998); TEX. CONST. art. XI, § 5. Consequently, a home-rule city is authorized to exercise any power not specifically denied it by the constitution or the general statutes. *See Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 644 (Tex. 1975). The City of Cockrell Hill is, however, a type A general-law city.[3] A general-law city derives its power from the general laws of the state and may exercise only such authority as is specifically delegated to it by the legislature. *See Hope v. Village of Laguna Vista*, 721 S.W.2d 463 (Tex. App.–Corpus Christi 1986, writ ref'd n.r.e.) (general-law cities possess "only the powers and privileges conferred on them by law"); *see also Payne v. Massey*, 196 S.W. 2d 493, 495 (Tex. 1946) ("All acts done by [a municipality] must find authority in the law of their creation.").

No provision of statutory law grants to a general-law city the power to prohibit dual service as, on the one hand, a mayor or council member, and, on the other, a member of a volunteer fire department. Although section 51.012 of the Local Government Code provides that a type A general-law municipality "may adopt an ordinance, act, law, or regulation, not inconsistent with state law,

---

[3]Telephone Conversation with Rosa Ruiz, City Administrator, City of Cockrell Hill, Texas (July 23, 2002).

that is necessary for the government, interest, welfare, or good order of the municipality as a body politic," *see* TEX. LOC. GOV'T CODE ANN. § 51.012 (Vernon 1999), any "doubts about the existence of a power are resolved against a city." *Hope*, 721 S.W.2d at 464; *see also City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 683 (Tex. Civ. App.–Waco 1980, no writ). The first part of the Cockrell Hill resolution is, in our view, simply superfluous. The legislature, by enacting section 21.002 of the Local Government Code, intended, as we have said, to preempt the common law and thus to occupy the field with regard to that aspect of self-employment involving dual service on city councils and volunteer fire departments. Accordingly, the city's attempt to prohibit that service is of no effect.

Nonetheless, because we have concluded that in order for a member of a governing body of a municipality to simultaneously serve as a member of a volunteer fire department, a municipality must affirmatively adopt the kind of resolution described in section 21.002 of the Local Government Code, and because the City of Cockrell Hill has *not* adopted such a resolution, it necessarily follows that, at this time, a mayor or a city council member in Cockrell Hill is not authorized to serve at the same time as a member of that city's volunteer fire department.

The second part of the city's January resolution, which deems a failure to comply with the first part an automatic "resignation as a member of the City Council," is absolutely void. Not only does no specific statute provide for such automatic resignation, but subchapter B of chapter 21 of the Local Government Code addresses the proper method of removing a member of the governing body of a general-law municipality. Section 21.025 states that "[a]n officer may be removed from office for: (1) incompetency; (2) official misconduct; or (3) intoxication on or off duty caused by drinking an alcoholic beverage." TEX. LOC. GOV'T CODE ANN. § 21.025(a) (Vernon Supp. 2002). "'Incompetency'" is defined as: "(A) gross ignorance of official duties; (B) gross carelessness in the discharge of official duties; or (C) inability or unfitness to promptly and properly discharge official duties because of a serious mental or physical defect that did not exist at the time of the officer's election." *Id.* § 21.022(2). "'Official misconduct' means intentional unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law." *Id.* § 21.022(4). "The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law." *Id.*

The district judge is empowered to "remove an officer of the municipality from office." *Id.* § 21.023. "A proceeding for the removal of an officer is begun by filing a written petition for removal in a district court of the county in which the officer resides." *Id.* § 21.026(a). A petition for removal may be filed by "[a]ny resident of the municipality who has lived for at least six months in the municipality and who is not currently under indictment in the county in which the municipality is located." *Id.* § 21.026(b). The district attorney is directed to "represent the state in a proceeding for the removal of an officer." *Id.* § 21.029(d). The officer has the right to trial by jury. *See id.* § 21.029(a). "Either party to a removal action may appeal the final judgment to the court of appeals in the manner provided for other civil cases." *Id.* § 21.030(a). If removed, an officer "is not eligible for reelection to the same office before the second anniversary of the date of removal." *Id.* § 21.032.

As we have indicated, because the City Council of Cockrell Hill has not adopted the resolution contemplated by section 21.002 of the Local Government Code, a mayor or a city council member in Cockrell Hill is not authorized to serve at the same time as a member of the volunteer fire department. We express no opinion as to whether an individual who nevertheless performs such dual service thereby brings himself within the statutory definitions of "incompetency" or "official misconduct," and thus subject to removal from office by a district court. These matters would require the resolution of factual issues that are beyond the scope of an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 ("[I]nvestigation and resolution of fact questions . . . cannot be done in the opinion process."); M-187 (1968) at 3 ( "[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer."). With this extensive background, we turn to your specific questions.

You first ask: "Can the city council determine as a matter of public policy that a person may not serve as a council member and also serve on the volunteer fire department." Request Letter, *supra* note 1, at 2. As we have previously explained, such a determination is not authorized by law and is thus beyond the scope of the authority of the City Council of Cockrell Hill. You next ask: "If the city council can forbid a member of the council from serving on the volunteer fire department because of public policy, can the provision providing that the refusal to resign from the volunteer fire department by that council person also be deemed a resignation from the city council?" *Id.* Because we have indicated that the council's prohibition of dual service is not authorized, we need not address this question. Nonetheless, as we have noted elsewhere, the council may not provide that such dual service constitutes a resignation from the city council. Your third question is whether "the refusal to resign be deemed an automatic resignation, and if so[,] what remedy does the city council have if the individual refuses to leave office." *Id.* Again, the council is not empowered to provide for automatic resignation under any circumstances. Finally, you ask: "If the resolution was passed in order to prevent a specific council person from continuing to serve on the volunteer fire department, does this action in any way violate the rights of the council person?" *Id.* Because the resolution adopted by the council was invalid, we need not address this matter.

## S U M M A R Y

The City Council of Cockrell Hill, Texas, a type A general-law municipality, lacks authority to adopt a resolution declaring that its mayor or a member of its city council may not simultaneously serve as a member of its volunteer fire department. Section 21.002 of the Local Government Code provides, however, that such dual service is not permitted *unless* the city council adopts a resolution specifically authorizing it. The city council may not declare that such dual service acts as an automatic resignation from the council. Rather, removal of a member of the governing body of a general-law city is governed by subchapter B of chapter 21 of the Local Government Code.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee