## F. Krause et al. v. J. H. Pope.

### No. 2899.

1. **Usury—Pleading.**—Where the pleadings of the party claiming a recovery upon a contract show that it is usurious the defense of usury may be raised by exception. In such case it is not necessary that the defense be supported by affidavit. Rev. Stats., art. 1265.

2. **Usury.**—On September 5, 1878, an agreement in writing was made by which a maker of a promissory note bearing 10 per cent interest agreed to pay 12 per cent per annum, in consideration of two years extension from June 23, 1878. The time of extension secured being less than two years, the stipulated interest was more than 12 per cent per annum, and was usurious.

3. **Usurious Contract.**—A usurious contract made the basis of another vitiates such other. The usury affects the second contract.

4. **Same — Does Not Affect Other Contract.**— A note on its face called for interest at 10 per cent. By a usurious contract the rate was increased. *Held,* the usurious contract did not affect the original note or its rate of interest.

5. **Compound Interest.**—An agreement for compounding the interest having been made upon a sum agreed to be due but made up in part of usurious interest is, on that ground, invalid. It is not discussed whether compound interest can be recovered where the aggregate of interest would be greater than 12 per cent upon the original debt.

6. **Stipulated Attorney Fees—Vendor's Lien Note.**—By an agreement subsequent to the sale of land and the execution of notes therefor an agreement by the vendee to pay an attorney fee in event the note be collected by suit is valid against the maker of the note, but the attorney fee so stipulated is not a lien upon the land.

7. **Marshaling Securities—Vendor's Lien.**—When a vendor's lien exists upon a tract of land and the vendee has sold parts of the land for cash to purchasers with notice, upon a foreclosure of the lien against the maker of the note and his vendees of parts of the land the decree should provide for the sale *first* of that part of the land owned by the original vendee, and next in inverse order of the time of the several purchasers of the land owned by each.

Appeal from Travis. Tried below before Hon. W. M. Key.

The opinion states the case.

*N. G. Shelley* and *J. D. Guinn,* for appellants.— 1. The court erred in

overruling special exception No. 5, because plaintiff's petition shows that by the terms of the contract the renewals sued upon were for usurious and illegal interest. The contract made in 1880, and also in 1884, shows a back dating from which interest runs.

What is interest? Sayles' Civ. Stats., art. 2972, and notes.

After maturity due every day. 9 R. I., 132; 4 Wait's Act. and Def., 136; 11 Am. Rep., 227; Watson v. Mims, 56 Texas, 451; Barnes v. Pilgrim, 24 Texas, 385; Payne v. Powell, 14 Texas, 600; Crozier v. Stephens, 2 Ct. App. C. C., 375; 7 Wait's Act. and Def., 602; 14 Am. Rep., 130.

2. If the pleadings allege facts upon which a recovery of compound interest may be had on second note from date as found by the court, and 12 per cent compound interest on the other for a period, then the same alleged a usurious contract and can not be maintained; if it did not allege it, then the special demurrer should have been sustained, and there was no allegation to support the proof upon which the court finds compound 12 per cent interest.

3. Krause could not make a valid agreement on August 12, 1878, or at any period after that date, to pay 12 per cent interest annually from June 23, 1878, because that would be a greater interest than the law allows and greater than the allegations charge.

4. The original lien was to secure the two orignal notes at 10 per cent, and none other was ever created, but if so was only upon lands owned by defendant Krause. Hicks v. Morris, 57 Texas, 664; Morris v. Geisecke, 60 Texas, 635, 636; Rev. Stats., art. 554; Gillum v. Collier, 53 Texas, 600.

5. When a note becomes due the interest and note is due every day, and not at the former periods at which interest would be payable if the note had never matured and was payable two, three, or four years after date, with interest payable annually. 9 R. I., 132; 11 Am. Rep., 227; Gray v. Briscoe, 6 Bush, 687; 4 Wait's Act. and Def., 135; 15 Minn., 136; 2 Cush., 92.

6. The court erred in its conclusion of law in not finding that from the evidence the alleged stipulation of renewals of the notes show a usurious contract and that no interest is recoverable, and that the amount of the principal of the notes, less the credits endorsed thereon, is the true balance. Stanley v. Westrop, 16 Texas, 201; Watson v. Aiken, 55 Texas, 536.

*John D. Templeton,* for appellee.— 1. We submit the proposition that the contract sued on is not usurious, but were it usury has not been pleaded as the law requires. Rev. Stats., art. 2981.

2. As a counter-proposition, relating to compounding the interest, we submit that the pleadings and proof do show that the defendant promised and that it was his intention to pay compound interest—that he contracted to pay it. Prater v. Miller, 60 Am. Dec., 521, and notes.

.3. According to the terms of the contracts disclosed by the exhibits the attorney fees were entitled to the security of the lien.

4. The attorney fees were a mere incident to the debt sued on and by operation of law would enjoy the benefits of the security, unless excluded from it in express terms. Washington v. Bank, 64 Texas, 4; Jones' Real Est. Mort., secs. 359, 1606; Monroe v. Fohl, 14 Pac. Rep., 515; Broadbeat v. Burbeck, 16 Pac. Rep., 558.

5. We submit that the law as applied to the contract required the court to compound the interest. 3 Pars. Con., 7 ed., 160, 161, and notes; De Cordova v. Galveston, 4 Texas, 470; Lewis v. Paschal, 37 Texas, 315; Quinby v. Cook, 10 Allen, 32; Hale v. Hale, 78 Am. Dec., 490; 1 Am. Lead. Cases, 650, and notes; 8 Wait's Act. and Def., 508; Matthews v. Toogood, 8 Am. St. Rep., 131, and cases cited.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by J. H. Pope, the appellee, on the 12th day of February, 1889, upon two promissory notes, and to foreclose lien upon certain tracts of land. Both notes were made by Krause, and were payable to the order of John Hancock. Both were for the sum of $3000, and dated June 23, 1875. Both retained a vendor's lien upon land described, and bore interest from date at the rate of 10 per cent per annum.

One of them became due in twelve months and the other one in twenty-four months after date. The last described note expressed that the interest on it was to be paid "annually."

The petition charged and the evidence showed that both notes were transferred by Hancock to the plaintiff on the 12th day of August, 1878.

For the purpose of foreclosing the lien, in addition to the maker of the notes—F. Krause, Sr.—the following parties who claimed interests in the land were made defendants: F. Krause, Jr., J. Halm, Louis Krause, Theo. Heise, and Margaretha Krause, the wife af said F. Krause, Sr.

The petition charges that on the —— day of ——, 1878, "the said Hancock and the said Krause, Sr., had entered into a contract by virtue of which said Krause, Sr., in consideration of an extension of time of as much as two years on the said notes from June 23, 1878, within which to pay the principal, he, the said Krause, would pay interest at 12 per cent per annum on the amounts due on the said notes as it should fall due, meaning annually, and that the said time was extended to the said Krause on the said notes by the plaintiff; that although the said agreement and contract were made before the transfer of the said notes to plaintiff, it was not reduced to writing and signed by the said Krause, Sr., until the 5th day of September, 1878, but that on account of the matters herein the plaintiff is entitled to the benefit thereof, and it was an inducement for the purchase of said notes.

"The memorandum of said agreement is hereunto attached and made a part of this petition."

The exhibit was attached and reads as follows: "This memorandum witnesseth that in consideration of indulgence as to time extended me by John Hancock on the payment of two notes of hand executed by me to him, both dated June 23, 1875, and due respectively twelve and twenty-four months after date, and each originally for three thousand ($3000) dollars, with 10 per cent interest from date, I hereby agree to pay interest on the amounts due on said notes at the rate of 12 per cent since the 23d of June, 1878; it being understood and agreed that I have an extension of as much as two years from said last date to pay the principal on the payment of 12 per cent interest as it falls due.

"This the 5th day of September, 1878.

"FRIEDRICH KRAUSE."

The petition further avers that "in the said writing the said Krause, Sr., acknowledged himself as bound for said consideration to pay the said rate of 12 per cent interest, payable annually, from June 23, 1878, to the said J. H. Pope, plaintiff herein."

The petition further charged "that on the 19th day of February, 1884, the said notes not then having been fully paid, plaintiff and Krause, Sr., accounted together, and the said Krause, Sr., signed a memorandum in writing wherein and whereby he acknowledged that there remained, on August 12, 1883, on the note first maturing the sum of $2986.68 and on the other one that there remained due on said date the sum of $3833.14, making a total due on said 12th day of August, 1883, of the sum of $6819.82; that the said notes were just, correct, and unpaid, and for the amounts above stated a subsisting indebtedness; and renewed the same for said aggregate amount and promised to pay the same in gold coin with the said rate of 12 per cent interest, payable annually, and unpaid interest to bear the said rate of interest as if a part of the principal, and agreeing and binding himself to pay 10 per cent as attorney fees in case the said notes should be collected by suit."

The writing referred to was attached to the petition as an exhibit and reads as follows:

"EXHIBIT B.

"*The State of Texas, County of Travis.*—Know all men by these presents, that whereas Fred Krause, of the county of Comal, State of Texas, did execute two promissory notes and deliver the same to John Hancock, both dated June 23, 1875, and due respectively twelve and twenty-four months after date, payable to said John Hancock, and each originally for $3000, with 10 per cent interest from date; and the said Fred Krause, by an agreement in writing, dated September 5, 1878, agreed to pay interest on the above mentioned notes at the rate of 12 per cent on the amount due on said notes from June 23, 1878; that said notes were given for the pur-

chase money for several tracts of land as described in said notes, and a vendor's lien retained by said John Hancock on said land to secure the payment of said notes; that said two notes above described were assigned by the said John Hancock for value received to John H. Pope, of Travis County, Texas, on the 12th day of August, 1878.

"And whereas the said notes are past due and unpaid, except the amounts of credits endorsed on each of said notes, and the amount due, principal and interest respectively, on the 12th day of August. 1883, is as follows, viz.:    On the note originally due in twelve months, the sum of twenty-nine hundred and eighty-six and sixty-eight one-hundredths dollars ($2986.68), and on the note due originally in twenty-four months the sum of thirty-eight hundred and thirty-three and fourteen one-hundredths ($3833.14).

"Now, therefore, I acknowledge that the above described notes are just, correct, and unpaid and a subsisting debt, and I further acknowledge that I and the real estate described in said notes are held and bound for the full payment of the above described notes and interest due thereon, and for value received I promise and agree to pay to said John H. Pope or order the balance due on the above described notes, the sum of six thousand eight hundred and nineteen and eighty-two one-hundredths dollars, in gold coin, with interest from and after the 12th day of August, 1883, at the rate of 12 per cent per annum, payable annually, and if interest be not paid when due to become as principal and bear same rate of interest; and if said notes be collected by suit an additional 10 per cent as attorney fees, beside costs of suit.

" Witness my hand at Austin, Texas, this 19th day of February, 1884.
                                    "FRIEDRICH KRAUSE.

"The within described notes, together with its lien on its property, are just, unpaid, and a subsisting debt and a valid lien, and the promise to pay the same is this day renewed.

· " Witness my hand this 1st day of February, 1888.
                                    "FRIEDRICH KRAUSE, SR.

"Witnessed by:
    "D. B. GRACY,
    "P. H. MEEKEL.
" We consent and agree to the above renewal in all its bearings.
"Witness our hands this 1st day of February, 1888.
                                    " F. KRAUSE, JR.,
                                    "THEO. HEISE,
                                    "LOUIS KRAUSE,
                                    "JO. HALM.'

The petition further charged the execution by defendants of the following instrument, which was also attached to his petition as an exhibit:
                                    "EXHIBIT BB.

"*The State of Texas, County of Comal.*—Whereas, preceding the 1st

day of February, 1888, the date of executing the foregoing instrument of writing by Friedrich Krause, Sr., there had been executed and placed of record in Comal County, Texas, a deed of conveyance from Friedrich Krause, Sr., to his wife Margaretha Krause, conveying his interest in the lands on which the notes hereinbefore described are a valid and subsisting lien, and being desirous to correct the record as well to preserve the lien in its original force and effect;

"Now we, Friedrich Krause and Margaretha Krause, his wife, hereby ratify and confirm said agreement of renewal in its entirety, binding ourselves, our heirs, and legal representatives for the full payment of the sum due on said vendor's lien notes, with interest accrued, and acknowledging the same as a valid and subsisting lien and a debt, just, due, and unpaid, and the promise to pay the same is hereby renewed.

"And we, F. Krause, Jr., Louis Krause, Theo. Heise, and Jos. Halm, as subsequent purchasers of parts of the land embraced in said vendor's lien notes, consent and agree to the foregoing and above renewal, holding ourselves, our heirs, and legal representatives bound by the same in its full bearing and extent.

"And now we; Friedrich Krause, Sr., and Margaretha Krause, his wife, F. Krause, Jr., Louis Krause, Theo. Heise, and Jos. Halm, for and in consideration of said renewal and extensions of time of payment as have been given and indulgence in the future, provided the interest on said debt is paid promptly when due, and if interest is not so paid when due the principal sum and all accrued interest to become at once due and payable, agree and consent that said J. H. Pope, or the legal holder and owner of said notes, may at his option and discretion place said notes and lien in the form of a judgment in some court of competent jurisdiction without opposition or answer from us.

"Witness our hands this 24th day of October, A. D. 1888.

> "FRIEDRICH KRAUSE,
> "MARGARETHA KRAUSE,
> "F. KRAUSE, JR.,
> "LOUIS KRAUSE,
> "THEO. HEISE."

The cause was tried without a jury and judgment was rendered against F. Krause, Sr., for the sum of $11,426.10 as principal and interest of the notes sued upon, and enforcing the lien for that amount against all of the defendants, and also against F. Krause, Sr., for the sum of $1142.60 for attorney fees, without enforcing any lien for that part of the judgment.

The court's conclusions of law with regard to interest are stated as follows:

"1.   Calculate interest on first note due without compounding at 10 per cent per annum to June 23, 1878, allowing credits as endorsed thereon.

"2.   Calculate interest on the other note at 10 per cent compounded to June 23, 1878, allowing credits as endorsed thereon.

"3.   From June 23, 1878, calculate interest on both notes at 12 per cent per annum, compounded on last one due but not on first, up to February 19, 1884, after which time compound on both to date, allowing credits."

Among other defenses the defendant F. Krause, Sr., demurred to the petition on the ground that "said contract as set out in plaintiff's petition appears to be usurious and in violation of the law."

The court overruled the exception and the ruling is assigned as error.

Appellee makes the point that "the allegation that there is usury in the contract is not sworn to."

The statute on the subject only requires the answer setting up the defense of usury to be sworn to when the usury does not otherwise appear of record.   Rev. Stats., art. 1265.

When the pleadings of the party seeking a recovery upon a contract show that it is usurious the defense may be properly raised by exception. The petition of the plaintiff very clearly shows that his right to recover of the defendants interest at the rate of 12 per cent instead of 10 per cent as originally contracted for depends upon the obligation of F. Krause dated the 5th day of September, 1878.

Our Constitution provides that all interest charged above 12 per cent per annum "shall be deemed usurious."   The obligation referred to was given in consideration of an extension of two years from the 23rd day of June, 1878.   In fact Krause on the 5th day of September, 1878, suit not having been then instituted on the notes, had already had indulgence, without contract or consideration, for the period of time intervening between the 23rd day of June and the 5th day of September, 1878.   What he really acquired by the contract was indulgence from the 5th day of September, 1878, to the 23rd day of June, 1880, a period of less than two years.

For this indulgence he promised to pay 24 per cent interest, which made the interest for the period of extension actually given something more than 12 per cent per annum, and consequently usurious.

It will be seen that by the instrument of writing dated the 19th day of February, 1884, and attached by plaintiff to his petition as exhibit B, he made his right to recover 12 per cent interest instead of 10 per cent depend upon the obligation dated September 5, 1878.

It is sufficient for us to say that the rate of interest, or usury, predicated upon this obligation was carried into all of the subsequent agreements and made them obnoxious to the same objection.

All agreements to pay interest at a greater rate than the 10 per cent originally agreed upon must be held null and void.

The original promises to pay interest at the rate of 10 per cent per annum were not impaired by the subsequent unlawful promises.   Cousins v. Grey, 60 Texas, 346.

The agreement in the note that matured on the 23rd day of June, 1877, made the interest accruing on that note payable at the end of each year. If not paid when it matured the holder of the note was entitled by the terms of the note to interest on past due interest, to be computed at the rate of 10 per cent per annum on each installment as it matured until paid; but the terms of the note did not provide that the interest should be compounded.

The first agreement that we find for compounding interest is the one dated the 19th day of February, 1884.   The object of that agreement was not to compound the interest lawfully accruing on the notes, but it was an undertaking by the maker of the notes to pay compound interest on a stipulated amount made up largely of usurious and compound interest.

On account of the element of usury embodied in this part of the contract, it can not be enforced; and it does not become necessary for us to undertake to say what effect the stipulations with regard to interest upon interest, or compounding, would have had if they had been free from the vice of usury.

The several agreements contain acknowledgments of the notes as subsisting demands, and the one last referred to contains a promise to pay "if said notes be collected by suit an additional 10 per cent as attorney fees."

We find nothing objectionable in these features of the agreements. The attorney fees are a charge against the maker of the notes, and are not a lien upon the land, and the percentage is to be estimated upon the amount for which judgment is rendered against the maker of the notes.

We find no valid agreement making the interest on the note that first became due bear interest.

We conclude that plaintiff should have judgment against F. Krause, Sr., for the amount remaining due on the note that first matured, estimating interest without compounding from the date of the note to the date of the judgment at the rate of 10 per cent per annum, after deducting all credits shown by the findings of the district judge.

And for the amount due upon the note that matured last, with interest calculated by the same method and at the same rate, less credits found as aforesaid; and that interest at the same rate be allowed upon each annual installment of interest upon the last described note as it became due, calculated up to the date of the judgment.

And that his vendor's lien should be foreclosed against all of the defendants upon the several tracts of land described in his petition and exhibits.

And for attorney fees of 10 per cent upon the amount due him at the date of judgment upon the notes sued upon, with execution therefor against the defendant F. Krause, Sr., but without any lien as to that part of the judgment.

The judgment here rendered must bear interest upon the gross amount thereof at the rate of 10 per cent per annum. Washington v. Bank, 64 Texas, 4.

The clerk is directed to compute the interest according to the directions given in this opinion.

It appeared from the evidence that the defendant Heise received from his codefendant F. Krause, Sr., a deed for a portion of the land in controversy on the 6th day of July, 1882, and that the defendant Halm on the 31st day of March, 1883, received from said Krause, Sr., a deed for another portion of said land, and that both of said purchasers had paid to said Krause, Sr., the purchase money for the lands by them so purchased. The decree rendered for the sale of the land must provide for their protection in the order of the dates of their respective purchases by directing that the land not conveyed by the defendant F. Krause, Sr., be first sold, and that if it becomes necessary to sell for the satisfaction of the decree the lands conveyed to said Heise and Halm, that the land conveyed to defendant Halm be sold before that conveyed to defendant Heise.

The appellee should recover judgment for the costs of the District Court, and should pay the costs of this appeal.

·The judgment of the District Court is reversed and here rendered in accordance with this opinion.

*Reversed and rendered.*

Delivered October 24, 1890.

Motion for rehearing overruled at Galveston Term January 13, 1891.