### W. G. CAIN v. CHARLES T. BONNER ET AL.

No. 2477.   Decided May 9, 1917.

**1.—Limitation—New Promise.**

Where in an action for debt a new promise is relied on to avoid a plea of limitation, such promise, whether made before or after the bar is complete, constitutes the cause of action and must be relied on for recovery. (P. 401, 402.)

**2.—Same—Usury.**

An antecedent indebtedness is not affected by subsequent usurious renewals or extensions, where it may be declared on independent of them. But this rule has no application where recovery on the original contract is barred by limitation and plaintiff's action must rest on subsequent acknowledgments of the debt by renewals or extensions upon usurious interest. (P. 401.)

**3.—Same.**

Where plaintiff, by reason of the plea of limitation, was compelled to rely on a new promise extending or renewing the debt upon usurious interest, the defense of usury applies, and the usurious interest collected must be deducted from the principal of the debt.   (Pp. 401-403.)

**4.—Appeal—Cross Assignments—Writ of Error.**

An appellee making cross-assignments of error is entitled to have them passed on by the Court of Civil Appeals; but he can have those rulings reversed by the Supreme Court only by himself applying for writ of error thereon. (P. 403.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Smith County.

Cain sued Bonner and wife, was denied a recovery, and appealed. The judgment being reversed and rendered in his favor for a part only of what he claimed, he obtained writ of error.

*Cone Johnson* and *Ben B. Cain,* for plaintiff in error.—The court erred in not allowing interest on appellant's debt.   The original contract being free from usury, the subsequent agreement extending time of payment and providing terms which would be usurious could not and did not affect the rate of interest provided in the original contract, but did so change the time of payment as to prevent the bar of the statute of limitation.   Cousins v. Grey, 60 Texas, 349; Krause v. Pope, 78 Texas, 478; State Natl. Loan & Tr. Co. v. Fuller, 26 Texas Civ. App., 318, 63 S. W., 555; Harn v. American Mut. Bldg. & Sav. Assn., 95 Texas, 79; 29 Am. & Eng. Ency. of Law, 513, 514.

*Lasseter & McIlwaine,* for defendants in error.—Appellant having, in order to avoid the plea of limitation, declared on his renewal note, this cause of action must be considered as being upon said renewal note, and it being usurious, appellant is bound by the terms thereof and cannot come back to the original contract for his interest charges. Reynolds Iron Wks. v. Mitchell, 27 S. W., 508; Coles v. Kelsey, 2 Texas, 541; Moore v. Hardison, 10 Texas, 467; Erskine v. Wilson, 20 Texas, 77; Erskine v. Wilson, 27 Texas, 117; Gathright v. Wheat, 70 Texas, 740; Howard v. Windom, 86 Texas, 560; Vinson v. Whitfield, 133 S. W., 1095; Bangs v. Crebbin, 29 Texas Civ. App., 385, 69 S. W., 441; Stoker v. Patton, 35 S. W., 64.

The undisputed testimony in the case having shown that appellees paid to the appellant on said loan while it was carried by him $1589.86, all of which was applied to the payment of usurious interest on the loan, they were, under their pleadings, entitled to recover of appellant double the amount so paid, and to offset this amount against any claim that appellant had against them which would more than liquidate the original debt of the appellant, $2319.90.   Rosetti v. Lozano, 96 Texas, 59; American Mut. B. & S. Assn. v. Daugherty, 27 Texas Civ. App., 430, 66 S. W., 131; Stout v. Bank, 69 Texas, 390; Taylor v. Shelton, 134 S. W., 302.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

As originally brought, this suit was by W. G. Cain for a balance due, with interest, upon a mechanic's lien contract in the amount of $3000 executed by Charles T. Bonner and wife in favor of one James Bothwell. It was instituted more than four years after the maturity of the contract. Special exceptions urged by the Bonners to the petition on the ground of limitation were sustained. Thereupon, the plaintiff, on February 22, 1911, by an amended petition set up respective written acknowledgments and renewals of the debt executed by the Bonners in his favor, and also its acknowledgment by Charles T. Bonner through a letter.

The original contract given Bothwell provided for interest at the conventional rate from its maturity. The renewal obligations given plaintiff stipulated for the payment of interest at a usurious rate. The defense of usury was made. The recovery, as a penalty, of double the amount of usurious interest paid the plaintiff was also sought by the defendants. The judgment of the trial court denied the plaintiff any recovery. On his appeal the Court of Civil Appeals rendered judgment in his favor for a balance, ascertained by applying as a credit the interest paid him under the usurious renewal obligations to the amount due upon the contract when he acquired it, with foreclosure of the mechanic's lien.

It is urged by the plaintiff that his suit was upon the original contract, which was free from usury, and that he was, therefore, entitled to recover thereon, principal and interest, unaffected by the usurious interest collected by him upon the renewal obligations. This contention presents the question in the case.

A contract, originally valid, is not rendered invalid by a subsequent agreement. It is therefore recognized that antecedent indebtedness is not affected by subsequent usurious renewals or extensions where the transactions are distinct. Webb on Usury, sec. 307; Cousins v. Grey, 60 Texas, 346; Krause v. Pope, 78 Texas, 478, 14 S. W., 616; Harn v. American Mut. Bldg. & Sav. Assn., 95 Texas, 79, 65 S. W., 176. This simply means that the holder of an indebtedness is not obliged to declare upon a contract of renewal not accepted in payment of the debt; that such a usurious renewal is no defense to an originally valid debt; and that the holder of such a debt may declare, and, where not subject to other defenses, recover upon it, notwithstanding the usurious renewal. The rule has no application, and can have none, to cases where, on account of limitation, there is, without the renewal, no maintainable cause of action, and it is made for that reason the sole foundation of the suit.

When in an action for debt a new promise is relied upon to avoid a plea of limitation, such promise, whether made before or after the bar is complete, constitutes the cause of action and must be declared upon for a recovery. Since the statute, when pleaded, makes a recovery upon the barred debt impossible, reliance upon the new promise to

overcome limitation necessarily makes of it the cause of action. Otherwise there is no cause of action that may be enforced.

This has been the holding of the court since Coles v. Kelsey, 2 Texas, 542, 47 Am. Dec., 661. It is the settled law of the State, and there can be no occasion now for opening the question of whether the new promise is to be regarded as only a means of continuing the original indebtedness in life and vigor.

The renewal obligations were set up by the plaintiff in his amended petition for the evident purpose of avoiding the limitation to which the original contract was subject, and for which reasons the defendants' exceptions to the declaration upon it in the original petition had been sustained. There could have been no other reason for pleading them. The right of recovery, according to the amended petition, was based upon them and the letter. With a plea of limitation to the suit on the contract properly sustained, the plaintiff was left without any maintainable cause of action upon it. If the renewal agreements and the letter were not asserted as a means of enforcing his demand, and as therefore constituting a new cause of action, his suit was already at an end.

Having declared upon the renewal agreements, the plaintiff's right of recovery was measured by them. He could not avail himself of their benefits without subjecting his action to the defenses which they afforded. The ordinary principles of estoppel would deny to him the appropriation of only their favorable results. With the suit resting upon them, their usurious character was necessarily an available defense. It was therefore proper to apply the usurious interest collected by the plaintiff under them to the reduction of the principal of his debt, as was done by the Court of Civil Appeals in its judgment.

Cousins v. Grey, Krause v. Pope, and Harn v. Savings Assn., supra, relied upon by the plaintiff in error, were all cases essentially different in character from this one.

In each of them the cause of action, in whole or in part, was upon a contract or contracts of indebtedness which were untainted by usury, and to which the defense of limitation was either not available or was not pleaded. In such state of case, under the rule already noted, recovery under the original contract, unaffected by collateral or subsequent usurious agreements, was permissible.

In Cousins v. Grey, the usurious notes were set up by the defendant. The plaintiff's action was upon a note not usurious. It does not appear that it was barred by limitation when the action was filed. There is no mention of limitation in the case. The usurious notes were not only not relied upon by the plaintiff for the purpose of avoiding limitation, as is the case here, but they were not declared upon by him at all.

In Harn v. Savings Assn., the action was upon an original note not usurious, and upon a note given in extension of it which was usurious. No question of limitation was in the case. It was properly held that

recovery could be had upon the note as unimpaired by the usurious renewal.

Krause v. Pope, upon which stress is laid, was a suit upon two notes not usurious and upon subsequently executed renewal agreements, the original of which provided for usurious interest, and by which the others were affected. The opinion of Associate Justice Henry does not disclose whether the defense of limitation was urged against the cause of action asserted upon the notes, though it appears that they were barred when the action was filed. The writer has examined the original record to ascertain its state in this regard. Limitation was pleaded by John Hancock, to whom the notes were originally given and who was joined as a defendant, but the plaintiff dismissed him from the suit. It was not pleaded by the maker of the notes, nor by any other defendant. To be available, limitation must be specially urged either by exception or plea. With the plaintiff asserting a cause of action upon the notes, unchallenged by limitation, he was, of course, entitled to judgment upon them unaffected by the usurious renewals. The question presented by this case was not involved.

Certain rulings by the trial court adverse to the defendants were made by them the subject of cross-assignments of error in the Court of Civil Appeals. We think they were entitled to have them there considered, though they did not prosecute an appeal. Duren v. Houston & T. C. Ry. Co., 86 Texas, 287, 24. S. W., 258; Carroll v. Carroll, 20 Texas, 732; Brown v. Hudson, 14 Texas Civ. App., 605, 38 S. W., 653. But a writ of error was not applied for on account of the Court of Civil Appeals' disposition of these rulings; and we are therefore not called upon to determine the questions which they involve.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*