**WEST et al. v. OGDEN.**
**No. 7375.**

Circuit Court of Appeals, Fifth Circuit.
Jan. 10, 1935.

Rehearing Denied Feb. 28, 1935.

———◆———

T. Wesley Hook, of Alvarado, Tex., for appellants.

Robert Allan Ritchie, of Dallas, Tex., opposed.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The action was debt and foreclosure on a deed of trust note, dated April 30, 1921, and due January 1, 1931, given by Claude West to the Fidelity Savings Trust Company, and by that company indorsed to appellee. The defense, usury, in the clauses for accelerated maturity, and because $42.50, more than 10 per cent. interest, was charged in the first year, failed. There was a decree establishing the note as a valid debt against the land, and foreclosing the lien, but no deficiency judgment was ordered. Appellants are here insisting that in form and in fact, especially as regards the second deed of trust, there was usury in the contract for the note sued on, as there was in the contracts in the Shropshire and Atwood Cases.[1] Appellee in part professing to find the contract in this case different from those in the cited cases, and in part seeking to confine those cases within narrow limits, insists that, reasonably construed, the acceleration clauses in the note sued on[2] and in the two deeds of trust,[3] have the effect to

[1] Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 81 A. L. R. 1269; Atwood v. Deming Investment Co. (C. C. A.) 55 F.(2d) 180.

[2] After providing for interest, "at the rate of 7% per annum from date to maturity, payable annually, according to the tenor and effect of ten interest coupons of even date," the note provided, "If default is made in the payment of any principal or interest thereon when due then all of said principal and interest shall, at the option of the legal holder or holders hereof, become at once due and payable." It provided for 10 per cent. attorneys' fees, and concluded, "both this note and said interest coupons shall bear interest at the rate of ten per cent per annum after maturity." The interest coupons were each dated April 30, 1921, maturing successively from one to ten years, and were in the form of promissory notes. They

provided for interest at 10 per cent. from maturity and 10 per cent. attorneys' fees.

[3] "The Deed of Trust pleaded in the Bill of Complaint contains the following acceleration clauses: 'Now therefore, if default shall be made in the payment of said note ($8500) or any installment of interest thereon when the same shall become due, and any one of said sums shall remain unpaid—then—the said Trustee * * * to sell the property * * * and * * * pay * * *; second, the debt and all sums of money due or to become due hereunder with interest as agreed. * * *' If any of the taxes or assessments referred to in the last preceding paragraph hereof shall be imposed, then at the option of the legal holder or holders of said note, the whole indebtedness secured hereby shall at once become due, without notice, and may be collected by suit or proceedings hereunder."

The second deed of trust contains these acceleration clauses: (After describing

mature and make interest bearing not the unearned interest notes, but only the principal and the interest notes for interest already earned, and they do not therefore, within the invoked rule, make the contract usurious. He argues further that if there was usury in the contract as originally executed, it has been purged out of it by the dealings the land has undergone. Dealings in the land in which the note sued on has entered into and become a part of the consideration of its purchase, sometimes by way of absolute and direct assumption, sometimes by taking subject to, but in every instance entering into and forming part of the purchase price. He says, too, that if there is usury in the note sued on which has not been purged out of it and it may not be recovered on, appellee should have judgment and foreclosure on the original notes aggregating the same sum, given by Claude West to his father, William West, and now held by appellee, which the note sued on was given to extend and renew, for there was no usury in those notes.

Defendants meet the original notes from West to West by plea of limitation and estoppel. Of limitation, in that the first six of those notes maturing January 1, 1922, 1923, 1924, 1925, 1926, and 1927 were barred when the alternative plea to recover on them was filed; of estoppel, in that barred, they may not now be sued on, but only the new promise by which they were renewed may be, and that may not be availed of because of the usury in it. Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874; Christian v. Manning (Tex. Civ. App.) 59 S.W.

(2d) 234, 238. They meet the purging issue with the claim that neither of them purchased the land assuming the note, or taking it into consideration as part of the purchase price. They say that Tolleson was not in fact a purchaser, but merely a lender who took a deed instead of a mortgage by way of security. They meet it, also, with the claim that Claude West, who made the note, has a personal right to make the defense, and the right too, since he was joined in the suit with Tolleson, to authorize Tolleson to make it.

An examination of the record in the light of these contentions leads us to these conclusions:

1. We agree with the District Judge that the $42.50 defendant claims as extra interest was not interest, but was properly charged and received as attorneys fees.

2. The note sued on, by reason of the acceleration clause in it and in the deeds of trust, especially that in the second deed of trust, was, when executed, usurious, and unless the usury has been purged from it, the decree based on it was wrong. Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269; Atwood v. Deming Inv. Co. (C. C. A.) 55 F.(2d) 180; Deming Investment Co. v. Giddens, 120 Tex. 9, 30 S. W.(2d) 287; Bothwell v. Farmers' & Merchants' State Bank, 120 Tex. 1, 30 S.W.(2d) 289, 76 A. L. R. 1480.

3. The usury there was in it has been completely purged in the conveyances the land has undergone.[4] Norton et ux. v. Com-

---

the notes for $1,232.50 it secured) "Now if said indebtedness and all other sums evidenced by the said notes shall be paid when due, and all conditions, stipulations, and agreements in said first deed of trust shall be performed, then these presents shall be null and void, and shall be released at grantor's expense; but if default shall be made in the payment of said indebtedness, or any of said notes, or any interest thereof, when due, or in the performance of any stipulation, agreement, or condition of said first trust deed, then at option of the legal owner and holder of said notes, the whole amount thereof shall at once become due and payable, and— (after providing for trustee's sale)—shall receive the proceeds of the sale and shall apply the same in the following order, to-wit * * * Second, to the payment of the indebtedness hereby secured; Second Deed of Trust further provides—'The grantor will perform each and every cov-

enant, stipulation and agreement in manner and form as the same are provided in the first deed of trust.' Said second deed of trust further provides—'This instrument is given for the purpose of renewing and extending the lien or liens renewed or extended by said first deed of trust.'"

[4] This is the chain of title under Claude West. Deed of reconveyance from Claude West to William West, reciting consideration $28,500, cancellation and release of 20 promissory notes of $1,000 each given by Claude West to William West, dated April 11, 1921, and "the assumption by William West as his own obligation" of the note sued on. Deed, William West to Tolleson and Eskridge, consideration $14,966.70, $6,466.70 cash "subject to an indebtedness of $8500 existing against the property herein conveyed represented by" the note sued on. Deed from Tolleson and Eskridge to Dawson, consideration $14,620, "the assumption and payment

merce Trust Co. (C. C. A.) 71 F.(2d) 136; Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828, 829; Kansas City Life Co. v. Hudson (Tex. Civ. App.) 71 S. W.(2d) 574; Volunteer State Life Ins. Co. v. Robinson (Tex. Civ. App.) 74 S.W.(2d) 188; Glenn v. McCarty (Tex. Civ. App.) 75 S.W.(2d) 162, 163. So that no one now, not even the original maker of the note, can plead it. Southern Home Bldg. & Loan Ass'n v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825, 826; Bookhout v. McGeorge (Tex. Civ. App.) 65 S.W.(2d) 512; Key West Wharf & Coal Co. v. Porter, 63 Fla. 448, 58 So. 599, Ann. Cas. 1914A, 173; Powell v. Petteway, 69 Fla. 12, 67 So. 230; Central Holding Co. v. Bushman, 238 Mich. 261, 213 N. W. 120.

We think this is especially so since the usury there was in the note resided not in any present exaction, but in the possibility of its being exacted in future, and all of the coupon notes having been paid when due, no usury has ever in fact been charged. Under these circumstances equity regards the usury as purged, at least as affects the security, so that it may not be urged by any one in defeat of collection. Whether Claude West can urge it in the event a deficiency judgment is sought against him, we need not undertake to decide, for the decree appealed from did not make provision for a deficiency, and we cannot know that one will be sought or ordered. It is sufficient to say that having in a lis pendens purchase agreed to take the land back subject to whatever judgment may be rendered in the suit, he may not hold the land without paying the judgment any more than Tolleson, or any of the others in the chain of title, may. Authorities supra. The decree was on the $8,500 note Claude West gave to the Fidelity Savings Trust Company and not on the notes it was given to renew and extend. We have affirmed that decree on the ground that the dealings in the land have purged the usury out of it. We therefore do not undertake to decide whether the rule of the federal court, Burnhisel v. Firman, 22 Wall. 170, 22 L. Ed. 766, that an original indebtedness untainted by usury may be recovered on where a renewal or substituted indebtedness may not be recovered on, because it is so tainted (see, also, note to Cain v. Bonner, 3 A. L. R. 877), permits plaintiff to recover on its alternate plea on the original indebtedness, or whether such recovery would be controlled by the cases of Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3 A. L. R. 874, and Christian v. Manning (Tex. Civ. App.) 59 S.W.(2d) 234, 238.

The decree was right. It is affirmed.

---

when due" of the note sued on, and the execution of six promissory notes, aggregating $6,120. Dawson back to Tolleson, consideration, cancellation of the six notes, "executed by Dawson to Tolleson as part payment of the land herein conveyed." Deed from Tolleson to Claude West, executed lis pendens, consideration, "subject to the final judgment that shall be rendered in this cause," and the execution of seven promissory notes aggregating $5,000.