### SHARP v. FRIZZELL.

### No. 2338.

Court of Civil Appeals of Texas. Waco.

June 19, 1941.

Rehearing Denied July 17, 1941.

J. Willard Gragg, of Dallas, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

RICE, Chief Justice.

This suit was originally instituted by H. H. Sharp against T. D. Frizzell in Justice Court, Precinct No. 7, Dallas County, Texas, seeking recovery of a balance of $125.73 alleged to be due plaintiff by the defendant on a note then on its face barred by the four years' statute of limitation, Vernon's Ann. Civ.St. art. 5527. In his memorandum of suit in the Justice Court plaintiff expressly alleged, in order to avoid a plea of limitation, that under date of June 22, 1935, defendant, in a letter written to plaintiff, acknowledged his indebtedness on said note and promised to pay same.

Defendant filed his plea of privilege to be sued in Precinct No. 1, Hardeman County, Texas, the precinct and county of his residence, which was controverted by plaintiff. The Justice Court overruled the plea of privilege and appeal was taken by the defendant to one of the County Courts of Dallas County.

On the hearing in the County Court on the plea of privilege it was admitted, for the purpose of said hearing, that defendant executed the note sued on and wrote

the letter of June 22, 1935, to the plaintiff. The only evidence introduced by plaintiff was the note sued on and the above-mentioned letter. The plea of privilege was sustained in the County Court, and from this order plaintiff appeals.

The note introduced in evidence by plaintiff was payable at Republic National Bank & Trust Company, Dallas, Texas. The letter introduced in evidence by plaintiff reads as follows:

"Quanah, Texas, June 22, 1935
"H. H. Sharp,
"Dallas, Texas.
"Dear Sir:—
"Between the 1st and the 10th of July, I will send you fifty dollars, and fifty dollars each month until the note is paid.
"Respectfully,
"(Signed) T. D. Frizzell"

It is the contention of the plaintiff that the court erred in sustaining defendant's plea of privilege, because, he says, his cause of action is based upon a contract performable in Dallas, Texas. If the note sued upon constitutes plaintiff's cause of action, then the proposition asserted by plaintiff would be correct. As stated, the note sued upon was barred upon its face by the four years' statute of limitation, and plaintiff declared upon defendant's letter of June 22, 1935, in addition to the note. The letter of June 22nd written by defendant is silent as to the place of performance.

■ The law appears to be settled in this state that when a debt becomes barred by limitation, and there is a renewal of it, the new contract constitutes the indebtedness, and the old debt is the consideration to support the new promise. Coles v. Kelsey, 2 Tex. 541, 549, 47 Am.Dec. 661, Howard v. Windom, 86 Tex. 560, 565, 26 S.W. 483; Interstate Bldg. & Loan Ass'n v. Goforth, 94 Tex. 259, 59 S.W. 871; Cotulla v. Urbahn, 104 Tex. 208, 126 S.W. 1108, 135 S.W. 1159, 34 L.R.A.,N.S., 345, Ann.Cas.1914B, 217.

■ When, in an action for debt, a new promise is relied upon to avoid a plea of limitation, such promise, whether made before or after the bar is complete, constitutes the cause of action and must be declared upon for a recovery. Cain v. Bonner, 108 Tex. 399, 194 S.W. 1098, 3 A.L.R. 874.

■ Plaintiff, in bringing this suit, evidently recognized that his cause of action was governed by the foregoing principles of law, because in his original memorandum of suit he alleged the defendant, in his letter of June 22, 1935, acknowledged his indebtedness on the note sued on and promised to pay same. Having pleaded and proved the promise to pay set forth in said letter in order to avoid a plea of limitation, it occurs to us that plaintiff's right of recovery is measured by the new promise. Cain v. Bonner, supra.

■ If plaintiff's cause of action is on the new promise contained in defendant's letter of June 22, 1935, as we think without doubt it is, said letter is silent as to the place of payment and the trial court correctly sustained the plea of privilege.

The judgment of the trial court is affirmed.