**BEYERSDORFF v. SPILLAR et al.**

No. 11977.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 26, 1949.

Hardin & Little, Edinburg, for appellant.

Oxford & Ramsour, Edinburg, for appellees.

NORVELL, Justice.

This is an appeal from an order dismissing appellant's suit upon the sustaining of a plea in abatement.

Appellees have neither filed a brief nor submitted oral argument, consequently, we accept as correct the statements in appellant's brief as to the facts and the record. Rule 419, Texas Rules of Civil Procedure. Headstream v. Mangum, Tex. Civ.App., 174 S.W.2d 496.

Appellant, Herman Beyersdorff, plaintiff below brought this suit for damages against B. A. Spillar, B. R. Bentley and Burton Benson, alleging that they had signed a bond which was made the basis of a writ of attachment in a certain cause then pending in the District Court of Hidalgo County, 92d District, styled San Pat Vegetable Co. v. Herman Beyersdorff, and bearing docket number A-7444. It was alleged that certain personal property of appellant was seized under the writ; that Spillar signed

the bond as principal instead of the San Pat Vegetable Company; that the attachment was wrongfully issued and that as a result Beyersdorff suffered damages.

In their plea appellees asserted: "That the plaintiff's petition on its face shows that this is a suit for damages for the wrongful issuance and levy of an attachment in cause No. A-7444, in the 92nd District Court, and that the Plaintiff's only cause of action is by virtue of what he calls a wrongful issuance of said writ, and that all the matters complained of therein as shown by paragraph five of his petition have heretofore been adjudicated in cause No. A-7444, and that the attachment lien was foreclosed in said suit, and that the plaintiff herein has appealed from such foreclosure, which appeal is still pending. That in foreclosing such lien, all matters of the wrongful issue, issuance of the attachment were necessarily adjudicated against the plaintiff herein, and this suit is prematurely brought, because all matters complained of have heretofore been tried by the 92nd District Court in said case, and necessarily found against the plaintiff and it is apparent from the plaintiff's own pleading that the attachment was not wrongfully issued, and that the plaintiff has no cause of action against these defendants for 'a wrongful issue of such attachment, because of the judgment heretofore entered in said cause as pleaded by the plaintiff, and this suit is prematurely brought."

Appellees having filed no brief and the order appealed from being a simple one sustaining the plea and dismissing the case, the particular theory upon which the trial judge acted is not made clear to us.

■ The plea cannot be considered as a mis-named plea of res judicata, a plea in bar, for the reason that the prior judgment referred to therein is said to be on appeal and consequently not a final judgment. 26 Tex.Jur. 77, § 384.

■■ If the plea be considered one in abatement based upon the pendency of another suit, it seems that an order of dismissal would not be proper, even if the plea be properly sustained. Haney v. Temple Trust Co., Tex.Civ.App., 55 S.W.

2d 891, 893; Dyches v. Ellis, Tex.Civ.App., 199 S.W.2d 694. We are further of the opinion that the plea in abatement here is insufficient in substance to be considered as a plea of another suit pending. It raises only those matters appearing from the face of the petition and the allegations thereof do not show that this suit is subject to abatement for the reason suggested.

It is stated in Texas Jurisprudence that: "The established rule that a proceeding for malicious prosecution, in either a criminal or civil form, will not lie until the prosecution has terminated favorably to the party prosecuted, has no application to a proceeding to enforce a claim for damages for wrongful attachment." 5 Tex.Jur. 289, § 130.

■ It seems, therefore, that appellees' contention that appellant's suit was prematurely brought is not well founded.

We sustain both of appellant's points. The order appealed from is reversed and the cause remanded to the court below for further proceedings not inconsistent with this opinion.

SMITH, C. J., absent.