Grover HOWELL, Appellant,

v.

R. I. LOFTIS, Appellee.

No. 6655.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 25, 1957.

R. A. Miller, Dallas, for appellant.

No attorney appearing for the appellee.

CHAPMAN, Justice.

This is an appeal from a judgment rendered for R. I. Loftis, appellee, against Grover Howell, appellant, for $244.77.

The case is before us without oral argument and without a brief on behalf of appellee.

The courts have interpreted Rule 419, Texas Rules of Civil Procedure, to mean that where appellee filed no brief and did not avail himself of oral argument, Court of Civil Appeals must assume as true all facts stated by appellants in their brief and render judgment in conformity therewith. Doherty v. Jensen, Tex.Civ.App., 174 S.W. 2d 77, reversed in part on other grounds, Pearson v. Doherty, 143 Tex. 64, 183 S.W. 2d 453; Beyersdorff v. Spiller, Tex.Civ. App., 224 S.W.2d 272.

It has also been held, in construing said rule, that where appellants complained by proper points of order overruling their plea of privilege to be sued in another county, and their brief contained statements pertaining to the support of such points, which were unchallenged by appellee, who did not file a brief, appellate court would accept such statements as correct, without resort to the statement of facts or the record. Van Pelt v. McCabe, Tex.Civ.App., 236 S.W.2d 685; Leavell v. Lincoln County Mutual Fire Ins. Co., Tex.Civ.App., 243 S.W.2d 223.

A jury having been waived by both parties appellant's attorney made a motion in open court that appellant's Plea of Privilege be in all things sustained. Said motion was overruled by the court, and following said attorney's exception, the Court heard the Plea of Privilege and tried the case on its merits at the same time. At the close of the testimony appellant renewed and restated his motion that said Plea of Privilege be sustained and that appellant have judgment. Both of said motions were overruled by the court and judgment rendered for appellee on the merits of the case.

The last line of Rule 87, T.R.C.P. says, "If the defendant demands a trial by jury on the venue question, the court, in its discretion, may require the cause to be tried on its merits at the same time."

The record before us not only fails to show a jury demand but on the contrary shows that both parties waived a trial by jury.

■ It is the settled law in this state that only venue issues, and not matters going to the merits of a case, can be determined at a venue hearing. Shaver v. Hughes, Tex.Civ.App., 214 S.W.2d 176.

■ From the record before us, it follows that the court below was without authority to try the case on its merits. Therefore, this court will consider the trial below only as it had to do with the venue question, and the evidence offered on the merits will be considered only as it had to do with the matters pertaining to venue.

On April 9, 1956, appellee sued appellant for the sum above stated on an itemized sworn account on an open account for groceries purchased during the year 1953, the last purchase having been made on July 3, 1953. Service was had on appellant in Tarrant County, Texas, the place of his residence and domicile at said time.

Within the legal period appellant answered, raising, among other things, the two years statute of limitation. Appellee thereafter filed his First Amended Original Petition alleging what amounted to a new cause of action on a subsequent new promise to pay. Sharp v. Frizzell, Tex.Civ.App., 153 S.W.2d 543. Appellant then filed his plea of privilege to be sued in the county of his residence. Appellee, in controverting appellant's plea of privilege, incorporated therein his original petition and the itemized open account contained therein. He failed to include and incorporate in his contro-

verting affidavit his new cause of action, as alleged in his First Amended Original Petition.

Appellee testified each item was supposed to be paid for before the tenth of the next month following its purchase. The last purchase having been made on July 3, 1953, limitation on the last purchase would have started running August 11, 1953.

Under the record before us, for appellee to retain venue in Cottle County on his Controverting Affidavit to appellant's Plea of Privilege the "sales slips," or "sales receipts" introduced in evidence would have had to be so worded as to constitute contracts in writing within the purview of the Four Years Statute of Limitations. The following is an example of said slips:

"Piggly Wiggly, Paducah's Finest Market, July 3, 1953. Acknowledge receipt of merchandise on the above date from Piggly Wiggly in the amount of eight dollars .12, signed Grover Howell by G. W. Lermon."

It is the holding of this court that such slips do not constitute contracts in writing such as would either toll limitation or support appellee's Controverting Affidavit to appellant's Plea of Privilege. Bailey-Moline Hardware Company v. Modern Woodmen of America, Tex.Civ.App., 89 S.W.2d 246; Foley v. Currie, Tex.Civ. App., 189 S.W.2d 349. This being true, any cause of action appellee had that would entitle him to maintain his suit in Cottle County would have to be based on the new cause of action alleged in his First Amended Original Petition and the burden was on appellee to show that appellant expressly stated in writing he would pay the claim in the county where suit was instituted. Ryan v. Johnson, Tex.Civ.App., 284 S.W. 652; Sharp v. Frizzell, Tex.Civ.App., 153 S.W.2d 543.

Appellant attempted to make such showing by testimony of his attorney that in the early part of May 1953, he had a telephone conversation with appellant from Fort Worth to the effect that he (appellant) was not financially able to pay the claim at that time but that he would pay it in a few months; that a few days subsequent thereto he received a letter from appellant's wife saying they would pay Mr. Loftis every penny they owed him but that they would have to see the signed tickets to arrive at the correct amount of their debt to him. Appellee contends that said conversation over the telephone and said letter reinstated the claim.

It appears that the contents of the purported letter were, by the court below, received in evidence without appellee producing the letter itself or excusing, on legal grounds, his failure to do so. This was permitted over objections by appellant that the purported letter was the best evidence.

Article 5539 provides: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby."

This question is fully and completely discussed by the Court of Civil Appeals at Eastland through Mr. Justice Grissom, in which that court holds that the acknowledgment of the justness or existence of a debt barred by limitation must be in writing to revive such debt, and proof of such acknowledgment cannot be made by parole testimony. Poe v. Poe, Tex.Civ.App., 118 S.W.2d 831.

Appellee, having failed to support his Controverting Affidavit to Appellant's Plea of Privilege by proper evidence, and having wholly failed to establish by any competent evidence an acknowledgment in writing by appellant of the justness of the debt or an unconditional promise to pay in Cottle County, he could not maintain any cause of action he had on his new claim outside the county of appellant's residence.

The court below having fallen into error in not sustaining appellant's Plea of Privilege from the record made before him the judgment of that court is reversed and rendered and the clerk of that court is ordered to transfer the case, together with all papers to the County Court of Tarrant County, Texas.