ACCEPTED
01-12-00945-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 5:01:39 PM
CHRISTOPHER PRINI
CLERK

**CASE NO. 01-12-00945-CV**

_____

IN THE
FIRST COURT OF APPEALS
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 5:01:39 PM
CHRISTOPHER A. PRINE
Clerk

_____

LEE A. HARDY AND POLLY HARDY
*Appellant*

v.

WELLS FARGO BANK, N.A., DAVID E. BROWN AND RESCONN
INVESTMENTS, LLC
*Appellee*

_____

On Appeal from the 157th Judicial District Court
Harris County, Texas
Cause No. 11-07737

_____

**APPELLEE'S MOTION FOR REHEARING**

_____

George A. Kurisky, Jr.
Texas Bar No. 11767700
gkurisky@jdkglaw.com
Daniel J. Kasprzak
Texas Bar No. 11105300
dkasprzak@jdkglaw.com
Branch A. Sheppard
Texas Bar No. 24033057
bsheppard@jdkglaw.com
JOHNSON DeLUCA KURISKY & GOULD, P.C.
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 – Telephone
(713) 652-5130 – Facsimile
ATTORNEYS FOR APPELLEE

# TABLE OF AUTHORITIES

TEX. CIV. PRAC. & REM. CODE § 16.035(b)…………………………………………...4

Tex. R. App. P. 49.1……………………………………………………………………3

*Cooper v. D & D G.C. of Gilmer, Inc.*,
187 S.W.3d 717, 720 (Tex.App. – Tyler 2006, no pet.)…………………………..4

*Hoarel Sign Co. v. Dominion Equity Corp.*,
910 S.W.2d 140, 144 (Tex.App. Amarillo 1995, pet denied)……………………..5

*Holy Cross Church of God in Christ v. Wolf*,
44 S.W.3d 562, 567 (Tex. 2001)…………………………………………………..4

*Kerlin v. Sauceda*,
263 S.W.3d 920, 925 (Tex.
2008)………………………………………………………………………………4

*McNeill v. Simpson*,
39 S.W.2d 835, 835 (Tex.Com.App. – Waco 1931)………………………………5

*Natural Gas Pipeline Co. of America v. Pool*
124 S.W.3d 188, 199 (Tex. 2003)…………………………………………………3

*Novosad v. Svrcek*,
102 S.W.2d 393, 395 (Tex. 1937)…………………………………………………5

*Sefek v. Helvey*,
601 S.W.2d 168, 171 (Tex.Civ.App. – Corpus Christi 1980, writ ref'd n.r.e.)……6

*Sharp v. Frizzell*,
153 S.W.2d 543, 544 (Tex.Civ.App. – Waco 1941, no pet.)………………………5

## STATEMENT OF GROUNDS FOR REHEARING

The panel reversibly erred by holding that the April 2, 2007, and May 2, 2008 Stipulated Partial Reinstatement/Repayment Agreements (the "PRRAs") did not halt the running of the statue of limitations.

## STATEMENT OF ISSUES PRESENTED

Wells Fargo Home Mortgage, Inc. ("Wells Fargo") submits this motion for rehearing, pursuant to Tex. R. App. P. 49.1, asking the panel to reconsider the portion of its opinion that finds that because Wells Fargo did not abandon acceleration, it did not meet its burden of proving that it was entitled to judgment as a matter of law. As a matter of law, the PRRA agreements acted as a renewal and extension of the underlying Note and Deed of Trust, are enforceable contracts, and are subject to their own limitations periods.

## ARGUMENT AND AUTHORITIES

I.    **THE PANEL REVERSIBLY ERRED BY HOLDING THAT THE APRIL 2, 2007, AND MAY 2, 2008 STIPULATED PARTIAL REINSTATEMENT/REPAYMENT AGREEMENTS (THE "PRRA'S") DID NOT HALT THE RUNNING OF THE STATUE OF LIMITATIONS.**

    **A.    The Purpose of Limitations.**

Statutes of limitation are designed to compel the assertion of claims within a reasonable period while the evidence is fresh in the minds of the parties and witnesses and to prevent litigation of stale or fraudulent claims. *Natural Gas*

1

*Pipeline Co. of America v. Pool* 124 S.W.3d 188, 199 (Tex. 2003). The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Cooper v. D & D G.C. of Gilmer, Inc.*, 187 S.W.3d 717, 720 (Tex. App.–Tyler 2006, no pet.). Statutes of limitation protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. *Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008).

## B.    LIMITATIONS, ACCRUAL, AND EXTENSION OF WELLS FARGO'S CAUSE OF ACTION.

As the panel noted, a sale of real property under a contractual power of sale must be completed not later than four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.035(b). When the contract creating the power of sale contains an optional acceleration clause, as does the Hardy's Deed of Trust, the cause of action accrues when the holder "actually exercises" its option to accelerate. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001). Washington Mutual accelerated the Hardy's indebtedness in July 2005.

2

On April 2, 2007, and on May 2, 2008, Wells Fargo and the Hardys entered into the PRRAs. Each of the PRAAs was in writing and signed by the Hardys and Wells Fargo. Each agreement recites consideration. Each agreement contains enforceable terms. Had the Hardys performed under either PRRA and Wells Fargo attempted to foreclose, there can be no doubt that the Hardys could sue to enforce the contractual provisions barring foreclosure. An extension of the time for performance or for the payment of an obligation, executed by agreement of the parties to a transaction based on sufficient consideration, constitutes a new contract against which the statute of limitations does not begin until the expiration of the period of extension. *Novosad v. Svrcek*, 102 S.W.2d 393, 395 (Tex. 1937).

Limitations does not begin to run against an action to enforce a debtor's new promise to pay until the time for performance of the promise arrives. *McNeill v. Simpson*, 39 S.W.2d 835, 835 (Tex.Com.App. – Waco 1931). Where parties to a note mutually agree to extend payment of the note, a new contract, based upon new consideration, arises and sets the limitations period for collecting on the note running anew. *Hoarel Sign Co. v. Dominion Equity Corp.*, 910 S.W.2d 140, 144 (Tex. App.–Amarillo 1995, pet denied). In such circumstances, it is the new promise, and not the original obligation, that is subject to enforcement. *Sharp v. Frizzell*, 153 S.W.2d 543, 544 (Tex. Civ. App.–Waco 1941, no pet.).

3

There are no formal requirements for an agreement to effectuate a renewal and extension. The agreement need only express a willingness to pay the debt without equivocation. *Sefek v. Helvey*, 601 S.W.2d 168, 171 (Tex. Civ. App.– Corpus Christi 1980, writ ref'd n.r.e.).

Each of the PRRAs sets forth the Hardys' intent and willingness to pay the indebtedness to Wells Fargo. Each of the agreements imposed contractual prohibitions against Wells Fargo conducting a foreclosure sale so long as the Hardys complied with the terms of the agreement. Each PRRA expressly states that it does not constitute a waiver of Wells Fargo's rights and remedies under the Note and Deed of Trust. The PRRA also states that "acceptance of any payments made by you will not be deemed to affect the acceleration of the Note and/or Mortgage **in the event of default under the terms of this agreement and the remainder of the accelerated loan balance shall remain due and owing.**" The terms are clear and unambiguous. Wells Fargo agreed to forego the immediate enforcement of its contractual rights in exchange for payments made by the Hardys pursuant to a modified payment schedule. The agreements merely contain language that state that Wells Fargo need not re-accelerate the indebtedness if the Hardys failed to fulfill their obligations under the PRRAs. The fact that Wells Fargo and the Hardys agreed to forego the re-acceleration of the loan does not alter the fact that Wells Fargo was contractually bound by the PRRA not to foreclose until the Hardys committed a future default. The existing authority supports the

4

proposition that acceleration of a Note commences the running of the statute of limitations for the purpose of exercising a contractual power of sale. There is no authority that requires a permanent abandonment of acceleration in order to halt the running of limitations.

The actions of the parties and the terms of the PRRAs make clear that the Hardys intended to continue paying their mortgage and that Wells Fargo intended to continue accepting payments under the PRRAs. As such, new obligations were created, the running of the statute of limitations *vis-à-vis* the July 11, 2005, was rendered irrelevant. At the earliest, the statue of limitations with respect to Wells Fargo's right to foreclose under the terms of the first PRRA began to run in July 2007. Wells Fargo conducted its foreclosure on March 2, 2010. Under established precedent, the statute of limitations had not, as a matter of law, run as to Wells Fargo's ability to foreclose its security interest as of March 2, 2010, and the trial court rightfully entered summary judgment on the Hardys wrongful foreclosure claim.

### C. APPELLANTS COME TO THIS COURT WITH UNCLEAN HANDS.

Plaintiffs have no damages that they may claim as a result of the alleged wrongful foreclosure. Upon foreclosure, the total secured debt owed to Wells Fargo was paid in full by the third party purchaser, David Brown. Plaintiffs come to this Court with unclean hands. At the April 29, 2011 hearing on Plaintiffs'

5

Application for Temporary Injunction, the evidence proved and Plaintiffs admitted that they accepted and negotiated excess proceeds from the foreclosure sale totaling $22,469.07.

Plaintiffs admit to the sums owed to pay the secured indebtedness in full. Upon foreclosure, Plaintiffs were paid for the value of the Property less the indebtedness to Wells Fargo. As such, Plaintiffs do not have and cannot claim damages as a result of the alleged wrongful foreclosure. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858 (Tex. App.–Dallas 2005). He who comes into equity must come with clean hands, and a complainant's wrongful conduct in a matter or transaction with respect to which he seeks injunctive relief, precludes him from obtaining such relief. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 682 n. 6 (Tex. 1990); *Vaughn v. Kizer*, 400 S.W.2d 586, 590 (Tex. Civ. App. -- Waco 1966, writ ref'd n.r.e.).

## **PRAYER**

Wells Fargo respectfully requests that the panel (1) grant this Motion for Rehearing, (2) withdraw the portion of its Memorandum Opinion holding that there are genuine issues of material fact as to Appellants' wrongful foreclosure claim, and (3) affirm the trial court's summary judgment.

Respectfully submitted,

JOHNSON DᴇLUCA KURISKY & GOULD
A Professional Corporation

By: __//s// George A. Kurisky, Jr._____
      George A. Kurisky, Jr.
      Texas Bar No. 11767700
      gkurisky@jdkglaw.com
      Daniel J. Kasprzak
      Texas Bar No. 11105300
      dkasprzak@jdkglaw.com
      Branch A. Sheppard
      Texas Bar No. 24033057
      bsheppard@jdkglaw.com
      4 Houston Center
      1221 Lamar, Suite 1000
      Houston, Texas 77010
      (713) 652-2525 - Telephone
      (713) 652-5130 - Telecopy

      ATTORNEYS FOR APPELLEE,
      WELLS FARGO BANK, N.A.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Motion for Rehearing complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,516 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

      __//s// George A. Kurisky, Jr._____
      George A. Kurisky, Jr.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Rehearing has been delivered via e-mail on this 14th day of January, 2015, as follows:

***Via E-Mail (tfjonesiii@gmail.com)***
THOMAS F. JONES, III
P.O. BOX 130762
HOUSTON, TEXAS 77219

//s// George A. Kurisky, Jr.
George A. Kurisky